STATE OF NORTH CAROLINA v. JERRY DOUGLAS CASE

No. 313A86

(Filed 7 November 1991)

**Criminal Law § 1314 (NCI4th)— murder—aggravating circumstance—not submitted—error**

A new trial was ordered in a homicide prosecution where defendant was tried for first degree murder; a plea bargain was entered during jury selection in which the State agreed to let defendant plead guilty to felony murder and to present evidence of only one aggravating factor, that the murder was especially heinous, atrocious or cruel. North Carolina's death penalty scheme would be arbitrary, and therefore unconstitutional, if the district attorney was permitted to exercise discretion as to when an aggravating circumstance supported by the evidence would or would not be submitted. Where there is no evidence of an aggravating circumstance, the prosecutor may so announce, but this announcement must be based upon a genuine lack of evidence of any aggravating circumstance.

**Am Jur 2d, Criminal Law §§ 481, 487, 489; Homicide §§ 552, 554, 598, 599.**

Justice MEYER concurring.

Justice MARTIN concurring.

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing the sentence of death entered by *Burroughs, J.*, at the 29 March 1986 Criminal Session of Superior Court, GASTON County. Heard in the Supreme Court 15 February 1990.

The defendant was tried for his life for first degree murder. While the jury was being selected, the defendant and his co-defendant Telina Harris Clontz, who was being tried with him, changed their pleas as a result of a plea bargain. As part of the plea bargain the defendant Clontz was allowed to plead guilty to second degree murder. The State agreed to let the defendant plead guilty to felony murder and agreed to present evidence of only one aggravating circumstance, that the murder was especially heinous, atrocious, or cruel. N.C.G.S. § 15A-2000(e)(9) (1988).

The jury was then impaneled to determine whether the defendant would be punished by life in prison or by death. The evidence showed the defendant and Ms. Clontz kidnapped Franklin D. Gourlay, a taxi driver in Knoxville, Tennessee, and kept him a prisoner while they drove his taxicab to Gastonia, North Carolina. They rented a motel room in Gastonia and when Mr. Gourlay attempted to escape from the room the defendant hogtied Mr. Gourlay and stabbed him to death.

The jury found one aggravating circumstance, that the murder was especially heinous, atrocious, or cruel. It found eleven mitigating circumstances. The jury did not find four mitigating circumstances which were submitted to it. The jury found that the aggravating circumstance was sufficiently substantial to call for the imposition of the death penalty when considered with the mitigating circumstances which it found. The court, upon the jury's recommendation, imposed the death penalty.

The defendant appealed.

STATE v. CASE

[330 N.C. 161 (1991)]

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*Louis D. Bilionis for defendant appellant.*

WEBB, Justice.

The defendant has made twenty-seven assignments of error. We shall discuss one of them.

The defendant argues under his first assignment of error that his guilty plea should be set aside and that he should be tried de novo on the guilt phase as well as the penalty phase of his trial. He says this is so because there was error in reaching the plea bargain by which he pled guilty. In this case, the prosecuting attorney agreed as part of a plea bargain in which the defendant agreed to plead guilty to first degree murder, that the State would present evidence of only one aggravating circumstance, that the murder was especially heinous, atrocious, or cruel. There was also evidence of the aggravating circumstances that the defendant committed the murder while engaged in the commission of a kidnapping and that the defendant committed the murder for pecuniary gain. N.C.G.S. § 15A-2000(e)(5) and (6) (1988).

It was error for the State to agree not to submit aggravating circumstances which could be supported by the evidence. *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450 (1981); *State v. Jones*, 299 N.C. 298, 261 S.E.2d 860 (1980); *State v. Johnson*, 298 N.C. 47, 257 S.E.2d 597 (1979). The decision as to whether a case of murder in the first degree should be tried as a capital case is not within the district attorney's discretion. *State v. Britt*, 320 N.C. 705, 360 S.E.2d 660 (1987). This is so in order to prevent capital sentencing from being irregular, inconsistent and arbitrary. If our law permitted the district attorney to exercise discretion as to when an aggravating circumstance supported by the evidence would or would not be submitted, our death penalty scheme would be arbitrary and, therefore, unconstitutional. Where there is no evidence of an aggravating circumstance, the prosecutor may so announce, but this announcement must be based upon a genuine lack of evidence of any aggravating circumstance. *See State v. Lloyd*, 321 N.C. 301, 364 S.E.2d 316, *vacated and remanded on other grounds*, 488 U.S. 807, 102 L.Ed.2d 18 (1988).

STATE v. CASE

[330 N.C. 161 (1991)]

In order to protect the constitutionality of our capital sentencing system, we must order a new trial. At such a trial neither the State nor the defendant will be bound by the plea bargain previously made. *Santobello v. New York*, 404 U.S. 257, 30 L.Ed.2d 427 (1971).

We do not discuss other assignments of error because the questions raised under them may not recur at a new trial.

New trial.

Justice MEYER concurring.

I concur in all respects with the majority opinion. I write separately solely to express my personal view that it is only the violation of a significant public policy of this State that justifies the granting of a new trial and nothing else.

The brutality and psychological torment accompanying the murder of Franklin Gourlay was unusually cruel. Telina Harris Clontz and the defendant, reputedly her pimp, lured Mr. Gourlay, a cab driver they knew, to a motel in Knoxville, kidnapped him, and forced him at knife point to drive them in his taxi six hours to Gastonia. Once in Gastonia, he was held prisoner, hogtied, gagged, beaten, and subsequently stabbed to death execution-style. His body was found face down on the floor of a motel room, still hogtied. His hands were tied behind his back with drapery cord. His legs were pulled up behind him and tied to his hands with strips of bed sheet. A strip of sheet was tied around his neck and led back down to his hands. There was a piece of sheet folded inside his mouth and another piece tied around his head holding it in place. The victim's shirt was soaked with blood and wadded up around his shoulders. There was blood on the floor and vomit near his head.

In addition to bruises and abrasions on the victim's face, there were five stab wounds to the victim's back, one to the left chest, and one to the base of the neck. Two of the stab wounds punctured the left lung. These were the fatal wounds. The two stab wounds to the lung caused the lung to collapse and the other lung to fill with blood. The victim aspirated a great deal of blood. The actual cause of death was a combination of bleeding to death and suffocating on the blood he had breathed.

In Dr. Tracy's opinion, based on the direction of the wounds and the bloodstains, Mr. Gourlay was in a kneeling position when he was stabbed, and the assailant was behind the victim. The victim would have taken about five minutes to die after the fatal wounds were inflicted and would not have lost consciousness until the last half minute to full minute. Also, in the doctor's opinion, some of the wounds could have been intended to inflict pain. The evidence shows that the victim was left to bleed to death or drown in his own blood. In the doctor's opinion, neither death nor unconsciousness was immediate. The evidence also shows that after the victim died, or as he lay dying, defendant went to the liquor store and bought vodka, which he took back to the room and drank.

During jury selection, defendant changed his plea from "not guilty" to "guilty" in exchange for the State's limiting the theory by which he could be adjudicated guilty of first-degree murder to "felony murder," the State's dismissing the armed robbery charge against defendant, and the State's permitting Telina Harris Clontz to plead guilty to second-degree murder. The State further agreed to rely solely on N.C.G.S. § 15A-2000(e)(9) to aggravate this crime. Thereafter, a sentencing hearing was held, and on 29 March 1986, the jury returned a recommendation that the court sentence defendant to death.

The majority opinion concludes that the State's agreement not to submit aggravating circumstances supported by the evidence requires that we vacate the death sentence imposed and order a new trial. I agree.

The prosecution in a capital case has no power to withhold from the jury's consideration any aggravating circumstance that is supported by the evidence. *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450 (1981). Every aggravating circumstance that the evidence supports must be submitted for the jury's consideration in determining its recommendation as to whether the defendant will receive a sentence of life or death. *State v. Lloyd*, 321 N.C. 301, 364 S.E.2d 316, *vacated and remanded on other grounds*, 488 U.S. 807, 102 L. Ed. 2d 18, *on remand*, 323 N.C. 622, 374 S.E.2d 277 (1988), *vacated and remanded*, --- U.S. ---, 108 L. Ed. 2d 601 (1990), *on remand*, 329 N.C. 662, 407 S.E.2d 218 (1991); *see also State v. Johnson*, 298 N.C. 47, 257 S.E.2d 597 (1979) (trial judge must refuse to accept a negotiated plea calling for the State to withhold an aggravating circumstance supported by the evidence). It is only

where there is a genuine lack of evidence in the case to support an aggravating circumstance enumerated in N.C.G.S. § 15A-2000 that the prosecution may announce that a first-degree murder case will not be tried as a capital case.

Here, the prosecution was well aware that the evidence would have supported at least one additional aggravating circumstance—that the killing occurred in the perpetration of the felony of armed robbery—and bargained away the right to present that evidence.[1] As the majority opinion recognizes, if our law permitted the district attorney to exercise discretion as to when an aggravating circumstance supported by the evidence would or would not be submitted, our death penalty scheme would be arbitrary and, therefore, unconstitutional. The violation of so significant a public policy of this State demands that there be a new capital trial in this case.

It is not because the defendant was harmed by the deal he made with the district attorney that I vote for a new trial. In my view, the error was favorable to the defendant. A new trial is required for harm done to our system of justice and not for harm done to the defendant.

It is because I fear that this Court's approval of the exercise of the prosecutor's discretion in withholding from the jury's consideration one or more aggravating circumstances supported by the evidence will jeopardize the constitutionality of our death penalty plan, I vote with the majority to vacate the sentence of death and order a new trial at which neither the defendant nor the State is bound by the plea bargain previously made.

Justice MARTIN concurring.

I concur in the majority opinion and write to state additional reasons in support of the holding of the Court.

The rule of law concerning the inability of the prosecutor to withhold aggravating circumstances from the jury is for the

---

1. Because the State agreed, as part of the plea bargain entered, to rely only on the felony murder theory, with kidnapping as the underlying factor, evidence of that felony would not have been available as an aggravating circumstance. However, the number of stab wounds and the fact that they were administered to the victim's back at a time when he was hogtied and unable to defend himself would have supported the theory that the murder was premeditated and deliberated. If the case had been submitted on that theory, the perpetration of the kidnapping would have also been available as evidence of an aggravating circumstance.

benefit of the defendant. The statutes and case law are for the benefit of all defendants so that arbitrariness and capriciousness will not enter into the administration of the death penalty.

Further, N.C.G.S. § 15A-1021(b) states in substance that no person representing the State may bring improper pressure upon a defendant to induce a plea of guilty. The promise to withhold submitting aggravating circumstances to the jury was unlawful and was therefore improper. By making an unlawful promise to the defendant for the purpose of inducing him to plead guilty, the State brought improper pressure upon this defendant within the meaning of the statute. For that reason, the plea of guilty must be set aside.

It is also to be noted that although the prosecution did not submit any other aggravating circumstance to the jury, evidence of another aggravating circumstance was presented to the jury. In short, the State secured the benefit of defendant's plea of guilty and yet was able to present evidence to the jury of other aggravating facts. Thus, the promise made by the State was illusory at best.