STATE OF NORTH CAROLINA v. JAMES RONNIE LINEBERGER

No. 533A94

(Filed 9 February 1996)

**1. Constitutional Law § 372 (NCI4th)— first-degree murder prosecution—cash payments to State's witnesses—plea bargain for second-degree murder—not arbitrary or capricious**

The district attorney's decision to offer a defendant on trial for first-degree murder a plea bargain allowing him to plead guilty to second-degree murder upon learning that the sheriff's department had made cash payments to two of the State's witnesses was not an arbitrary or capricious decision which could render our capital sentencing scheme unconstitutional.

**Am Jur 2d, Criminal Law §§ 609, 628.**

**Supreme Court's views on constitutionality of death penalty and procedures under which it is imposed or carried out. 90 L. Ed. 2d 1001.**

2. **Criminal Law §§ 132, 1299 (NCI4th); Constitutional Law § 372—first-degree murder prosecution—evidence to try case capitally—authority of court to accept plea bargain for second-degree murder**

   The trial court erred by ruling that it did not have the authority to accept a guilty plea to second-degree murder by a defendant on trial for first-degree murder unless the prosecutor announced that there was no evidence of first-degree murder or of an aggravating circumstance. Nothing in *State v. Case*, 330 N.C. 161, 410 S.E.2d 57, or the cases cited therein limits the district attorney's broad discretion to determine, absent a constitutionally unjustifiable standard, whether to try a defendant for first-degree murder, or to try a defendant for a lesser offense, or to accept a plea to second-degree murder.

   **Am Jur 2d, Criminal Law §§ 484, 486, 609.**

   **Validity of guilty pleas—Supreme Court cases. 25 L. Ed. 2d 1025.**

3. **Criminal Law §§ 132, 1314 (NCI4th)— first-degree murder prosecution—acceptance of guilty plea to lesser offense— finding of guilt of first-degree murder—necessity for capital sentencing proceeding**

   A district attorney who prosecutes a defendant for first-degree murder may accept a plea of guilty of second-degree murder or a lesser offense at any time prior to the jury's return of a verdict finding defendant guilty of first-degree murder. However, once a defendant has been determined to be guilty of first-degree murder either by plea or by jury verdict, the trial court must conduct a capital sentencing proceeding unless there is no evidence to support the finding of an aggravating circumstance.

   **Am Jur 2d, Criminal Law §§ 484-486, 598, 599, 609.**

4. **Criminal Law § 129 (NCI4th)— first-degree murder prosecution—plea bargain for second-degree murder—prosecutor's failure to sign transcript—court's misapprehension of law—rejection of plea**

   Where the trial court in a first-degree murder prosecution repeatedly stated that it did not have the authority to accept a guilty plea to second-degree murder because the district attorney stated there was sufficient evidence to try the case capitally, the district attorney said he was not withdrawing the plea offer, and

the district attorney then refused to sign the transcript of plea only because the trial court "ruled" that it could not accept a guilty plea to second-degree murder, the trial court's misapprehension of the law was the reason the district attorney failed to sign the transcript of plea, and the case should be reviewed as if the offer had been presented to and rejected by the trial court.

**Am Jur 2d, Criminal Law §§ 485, 486, 609.**

**Right of prosecutor to withdraw from plea bargain prior to entry of plea. 16 ALR4th 1089.**

**Validity of guilty pleas—Supreme Court cases. 25 L. Ed. 2d 1025.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Sitton, J., on 15 December 1993 in Superior Court, Lincoln County, upon a jury verdict of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to an additional judgment imposed for assault with a deadly weapon with intent to kill was allowed 31 October 1994. Heard in the Supreme Court 12 September 1995.

*Michael F. Easley, Attorney General, by Michael S. Fox, Assistant Attorney General, for the State.*

*Margaret Creasy Ciardella for defendant-appellant.*

PARKER, Justice.

Defendant was tried capitally on an indictment charging him with the first-degree murder of Darrell Eugene Whitesides ("victim"). The jury returned a verdict finding defendant guilty as charged. Following a capital sentencing proceeding, the jury recommended that defendant be sentenced to life imprisonment for the murder, and the trial court entered judgment accordingly. The jury also found defendant guilty of assault with a deadly weapon with intent to kill. For this conviction the trial court sentenced defendant to a consecutive term of ten years in prison. For the reasons discussed herein, we conclude that defendant is entitled to a new trial.

The evidence at trial tended to show the following. In the early morning hours of 14 May 1992, defendant went to the victim's home; and the victim let him inside. Defendant and the victim were facing criminal charges for stealing a heat pump, and they discussed the

charges against them. Defendant asked the victim if the victim was going to testify against him at trial, and the victim told defendant that he would not do so.

Shortly thereafter defendant told the victim that he was going outside to get a few beers from his car. Defendant went to his car, retrieved a shotgun, walked back inside, and shot the victim in the chest, killing him. Defendant then went into the victim's bedroom and attempted to shoot the victim's live-in girlfriend, Rena Carpenter. The shotgun would not fire, and Ms. Carpenter was able to escape out a bedroom window.

Additional facts will be presented as necessary to discuss specific issues.

Defendant contends that the trial court erred in refusing to consider a proposed plea agreement in which defendant agreed to enter a plea of guilty to second-degree murder. We agree and hold that the trial court's refusal to consider the plea agreement was prejudicial error entitling defendant to relief.

Defendant's trial began on 29 November 1993. After one week of jury selection and before the jury was impaneled, the district attorney informed the trial court that the parties were considering a second-degree murder plea. The district attorney and counsel for defendant subsequently informed the trial court that defendant had accepted the plea offer. Under the terms of the offer, defendant would have entered a guilty plea to second-degree murder and assault with a deadly weapon with intent to kill; the charges would have been consolidated for judgment; and the prosecutor would recommend that defendant receive a sentence not to exceed forty years' imprisonment to begin at the end of the twenty-five-year sentence of imprisonment which defendant was then serving.

After review of this Court's decision in *State v. Case,* 330 N.C. 161, 410 S.E.2d 57 (1991), the trial court concluded that it did not have the authority to accept a second-degree murder plea in that there was sufficient evidence to try the case capitally. The trial court noted that affidavits, briefs, and statements by counsel for both the State and defendant indicated that this was a capital case. The trial court then asked the district attorney whether the district attorney contended that the evidence did not support first-degree murder or the existence of an aggravating circumstance. The district attorney responded that

there was evidence sufficient to support both first-degree murder and several aggravating circumstances.

Based upon its understanding of our decision in *Case*, 330 N.C. 161, 410 S.E.2d 57, and the district attorney's statement that there was evidence sufficient to try this case capitally, the trial court determined that it did not have the authority to accept a plea of guilty to second-degree murder. The trial court reasoned that permitting defendant to plead guilty when the evidence was sufficient to try defendant capitally could render our capital sentencing scheme unconstitutionally arbitrary and capricious. We disagree.

The exercise of prosecutorial discretion does not invalidate the death penalty. *McCleskey v. Kemp*, 481 U.S. 279, 307, 312, 95 L. Ed. 2d 262, 288, 291 (1987); *Proffitt v. Florida*, 428 U.S. 242, 254, 49 L. Ed. 2d 913, 924 (1976); *Gregg v. Georgia*, 428 U.S. 153, 199, 49 L. Ed. 2d 859, 889 (1976). "This Court has consistently recognized that a system of capital punishment is not rendered unconstitutional simply because the prosecutor is granted broad discretion." *State v. Garner*, 340 N.C. 573, 588, 459 S.E.2d 718, 725 (1995); *accord State v. Noland*, 312 N.C. 1, 320 S.E.2d 642 (1984), *cert. denied*, 469 U.S. 1230, 84 L. Ed. 2d 369 (1985); *State v. Lawson*, 310 N.C. 632, 314 S.E.2d 493 (1984), *cert. denied*, 471 U.S. 1120, 86 L. Ed. 2d 267 (1985).

In *Noland* the defendant argued that the death penalty was unconstitutional as applied because of the prosecutor's exercise of his discretion in determining that the defendant's case would be tried as a capital case. *Noland*, 312 N.C. at 12, 320 S.E.2d at 649. The defendant relied on several cases, arising out of the same judicial district, in which the prosecutor permitted defendants to plead guilty to second-degree murder when it could be argued that aggravating circumstances existed. *Id.* We rejected the defendant's argument, stating that the "fact that discretionary stages in the legal process exist does not, by itself, show that the death penalty is capriciously imposed." *Id.*

The defendant in *Lawson* contended that our death penalty statute was unconstitutional "because it affords the district attorney 'unbridled' discretion in deciding against whom [to] seek verdicts of first degree murder and the death penalty, and against whom [to] seek verdicts of second degree murder and a lesser punishment." *Lawson*, 310 N.C. at 643, 314 S.E.2d at 500. In rejecting the defendant's argument, we stated:

STATE v. LINEBERGER

[342 N.C. 599 (1996)]

"Our courts have recognized that there may be selectivity in prosecutions and that the exercise of this prosecutorial prerogative does not reach constitutional proportion unless there be a showing that the selection was deliberately based upon 'an unjustifiable standard such as race, religion or other arbitrary classification.' [*Oyler v. Boles*, 368 U.S. 448, 456, 7 L. Ed. 2d 446, 453 (1962).]"

*Id.* at 644, 314 S.E.2d at 501 (quoting *State v. Cherry*, 298 N.C. 86, 103, 257 S.E.2d 551, 562 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980)). The *Lawson* Court concluded that the "constitution does not prohibit the use of absolute prosecutorial discretion in determining which cases to prosecute for first degree murder so long as such discretionary decisions are not based on race, religion, or some other impermissible classification." *Id.*

[1] In this case the district attorney's decision to offer defendant a plea bargain was prompted by the revelation that the Lincoln County Sheriff's Department made cash payments to two of the State's witnesses. After one week of jury selection, Captain Gene Sain informed the district attorney that the Sheriff's Department paid Eddie and Larry Colvert three hundred dollars each in connection with their involvement in this case. The "strength of the available evidence remains a variable throughout the criminal justice process and may influence a prosecutor's decision to offer a plea bargain or to go to trial." *McCleskey*, 481 U.S. at 307 n.28, 95 L. Ed. 2d at 288 n.28. The district attorney's decision to offer defendant a plea bargain upon learning about cash payments to State witnesses was not an arbitrary or capricious decision which could render our capital sentencing scheme unconstitutional.

[2] The trial court, attempting to apply the reasoning in *Case*, 330 N.C. 161, 410 S.E.2d 57, determined that given the forecast of evidence, the court did not have the authority to accept a plea of guilty to second-degree murder. *Case*, however, is distinguishable. In *Case* the prosecutor, in exchange for a plea of guilty to felony murder, agreed that the State would present evidence of only one aggravating circumstance, that the murder was especially heinous, atrocious, or cruel. *Id.* at 163, 410 S.E.2d at 58. The evidence also supported submission of two other aggravating circumstances, that the defendant committed the murder while engaged in the commission of a kidnapping and that the defendant committed the murder for pecuniary gain. *Id.* The jury recommended a sentence of death. This Court concluded

STATE v. LINEBERGER

[342 N.C. 599 (1996)]

that it was necessary to order a new trial in order to protect the constitutionality of our capital sentencing scheme. *Id.* at 164, 410 S.E.2d at 59. We stated:

> It was error for the State to agree not to submit aggravating circumstances which could be supported by the evidence. *State v. Silhan,* 302 N.C. 223, 275 S.E.2d 450 (1981); *State v. Jones,* 299 N.C. 298, 261 S.E.2d 860 (1980); *State v. Johnson,* 298 N.C. 47, 257 S.E.2d 597 (1979). The decision as to whether a case of murder in the first degree should be tried as a capital case is not within the district attorney's discretion. *State v. Britt,* 320 N.C. 705, 360 S.E.2d 660 (1987). This is so in order to prevent capital sentencing from being irregular, inconsistent and arbitrary. If our law permitted the district attorney to exercise discretion as to when an aggravating circumstance supported by the evidence would or would not be submitted, our death penalty scheme would be arbitrary and, therefore, unconstitutional. Where there is no evidence of an aggravating circumstance, the prosecutor may so announce, but this announcement must be based upon a genuine lack of evidence of any aggravating circumstance. *See State v. Lloyd,* 321 N.C. 301, 364 S.E.2d 316, *vacated and remanded on other grounds,* 488 U.S. 807, 102 L. Ed. 2d 18 (1988).

*Case,* 330 N.C. at 163, 410 S.E.2d at 58.

Relying on *Case,* the trial court reasoned that a prosecutor could not accept a guilty plea to second-degree murder unless the prosecutor announced that there was no evidence of first-degree murder or of an aggravating circumstance. The trial court stated that permitting a prosecutor to accept a guilty plea to second-degree murder when there was sufficient evidence to try the case capitally could render our capital sentencing scheme unconstitutionally arbitrary and capricious. In this ruling the trial court erred.

[2, 3] The reasoning of *Case* and the cases cited therein applies to situations where the prosecutor accepts a plea of guilty of first-degree murder or the defendant is found guilty of first-degree murder by the jury. Nothing in *Case* or the cases cited therein limits the district attorney's broad discretion to determine, absent a constitutionally unjustifiable standard, whether to try a defendant for first-degree murder, or to try a defendant for a lesser offense, or to accept a plea to second-degree murder. *See State v. Lawson,* 310 N.C. 632, 643-44, 314 S.E.2d 493, 500-01. If the district attorney prosecutes a defendant for first-degree murder, the district attorney may accept a plea of

guilty of second-degree murder or a lesser offense at any time prior to the jury's returning a verdict finding defendant guilty of first-degree murder. However, once a defendant has been determined to be guilty of first-degree murder either by plea or by a jury verdict, the trial court must conduct a capital sentencing proceeding unless there is no evidence to support the finding of an aggravating circumstance. *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450; *State v. Jones*, 299 N.C. 298, 261 S.E.2d 860; *State v. Johnson*, 298 N.C. 47, 257 S.E.2d 597.

[4] The State concedes that the trial court erred by refusing to consider the plea agreement. The State argues, however, that the district attorney withdrew the plea agreement and that the proposed plea bargain is null because it was not approved by the trial court. On this record we conclude that the trial court's misapprehension of the law was the reason that the district attorney failed to sign the transcript of plea. Under this circumstance, even if we assume *arguendo* that the district attorney withdrew his plea offer, we believe that it is necessary and appropriate to review this case as if the offer had been presented to and rejected by the trial court.

A "prosecutor may rescind his offer of a proposed plea arrangement at any time before it is consummated by *actual entry of the guilty plea* and the acceptance and approval of the proposed sentence by the trial judge." *State v. Marlow*, 334 N.C. 273, 280, 432 S.E.2d 275, 279 (1993); *accord State v. Collins*, 300 N.C. 142, 148, 265 S.E.2d 172, 175 (1980). Further, a plea agreement involving a sentencing recommendation must have judicial approval before it is enforceable. N.C.G.S. § 15A-1023(b) (1988); *Marlow*, 334 N.C. at 281, 432 S.E.2d at 279.

The trial court, in this case, repeatedly stated that it did not have the authority to accept a guilty plea to second-degree murder. After the trial court stated its interpretation of the law and after noting that the district attorney was not bound by any plea offers, the trial court asked the district attorney whether he had withdrawn the plea offer which had been accepted by defendant. The district attorney responded: "No . . . . I have not withdrawn the negotiations that we had yesterday. I have not withdrawn them."

Defendant later moved for a continuance pursuant to N.C.G.S. § 15A-1023(b) on the ground that the trial court had rejected the proposed plea agreement. The trial court denied defendant's motion, stating that the agreement was not before the court to accept or reject and that it would give the parties time to present an agreement

to the court. The district attorney then informed defendant's attorneys that "[a]t this point . . . in view of the judge's ruling, the State's not going to sign any transcript of plea." The district attorney, after considering the trial court's interpretation of the law, said that he was not withdrawing the plea offer. The district attorney then refused to sign the transcript of plea only because the trial court "ruled" that it could not accept a guilty plea to second-degree murder.

We conclude that the plea agreement was presented to the trial court; that the trial court, acting under a misapprehension of the law, refused to consider the plea agreement; and that the trial court's misapprehension of the law was the reason that the district attorney declined to sign the transcript of plea. We hold that the trial court's refusal to consider the plea bargain arrangement was prejudicial error entitling defendant to a new trial.

A new trial, however, cannot wholly remedy the prejudice to defendant resulting from the trial court's refusal to consider the plea agreement. Since defendant's due process rights have been affected by these unique circumstances, we must fashion a remedy. Accordingly, we instruct the district attorney on remand to renew the plea offer accepted by defendant and presented to the trial court. If defendant accepts the offer, then we instruct the trial court to consider the offer and exercise its discretion whether to approve the plea agreement and enter judgment or, subject to the provisions of N.C.G.S. § 15A-1023(b), to proceed to trial.

NEW TRIAL.