IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-14

 Filed: 16 April 2019

Madison County, No. 15CRS050222

STATE OF NORTH CAROLINA

 v.

KENNETH CALVIN CHANDLER, Defendant.

 Appeal by defendant from judgment entered 11 August 2017 by Judge Mark

E. Powell in Madison County Superior Court. Heard in the Court of Appeals 31

October 2018.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Jennifer
 T. Harrod, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine
 Jane Allen, for the defendant-appellant.

 BERGER, Judge.

 A Madison County jury found Kenneth Calvin Chandler (“Defendant”) guilty

of first-degree sex offense with a child and taking indecent liberties with a child.

Defendant appeals, arguing that the trial judge improperly refused to accept a

tendered guilty plea in violation of the statutory mandate in N.C. Gen. Stat. § 15A-

1023(c). We disagree.

 Factual and Procedural Background
 STATE V. CHANDLER

 Opinion of the Court

 Defendant was indicted for first-degree sex offense with a child and indecent

liberties with a child. Defendant reached a plea agreement with the State and signed

a standard AOC-CR-300 Transcript of Plea to resolve these charges on February 6,

2017. Defendant’s Transcript of Plea was also signed by his attorney and the

prosecutor.

 On page one of the Transcript of Plea, there are three boxes available to

describe the type of plea a defendant is entering: (1) guilty, (2) guilty pursuant to

Alford decision, and (3) no contest. Defendant checked that he was pleading guilty.

 Page two of the Transcript of Plea has standard questions concerning the type

of plea entered. In response to question 13, “Do you now personally plead guilty, [or]

no contest to the charges I just described[,]” Defendant checked the box marked

“guilty,” and answered in the affirmative. Question 14 has subparts (a), (b), and (c).

Each subpart concerns the different pleas available to a defendant. Subpart (a) is

used with a guilty plea, (b) is for no contest pleas, and (c) is specifically for Alford

pleas. Because Defendant was pleading guilty, in response to the question in subpart

(a), “Are you in fact guilty[,]” Defendant again answered in the affirmative on the

Transcript of Plea.

 Page three of the Transcript of Plea addresses the plea arrangement made by

the State. According to the Transcript of Plea, in exchange for Defendant’s guilty

plea, the State agreed to dismiss the charge of first degree sex offense. Page three

 -2-
 STATE V. CHANDLER

 Opinion of the Court

also contains signature lines for Defendant, defense counsel, and the prosecutor.

Defendant acknowledged that the terms and conditions stated in the Transcript of

Plea were accurate. Defense counsel certified that he and Defendant agreed to the

terms and conditions stated in the Transcript of Plea. The prosecutor’s certification

states that the conditions stated in the Transcript of Plea were agreed to by all parties

for entry of the plea.

 On February 7, 2017, the State called Defendant’s case and indicated to the

trial court that the Defendant planned to enter a plea. The prosecutor asked defense

counsel how Defendant pleaded, and defense counsel responded, “Pursuant to

negotiations, guilty.” The Transcript of Plea was submitted to the trial court, and

during the colloquy with Defendant, the following exchange occurred:

 [The Court:] Do you understand that you are pleading
 guilty to the following charge: 15 CRS 50222, one count of
 indecent liberties with a minor child, the date of offense is
 April 19 to April 20, 2015, that is a Class F felony,
 maximum punishment 59 months?

 [Defendant:] Yes, sir.

 [The Court:] Do you now personally plead guilty to the
 charges I just described?

 [Defendant:] Yes, sir.

 [The Court:] Are you, in fact, guilty?

 [Defendant:] Yes, sir.

 -3-
 STATE V. CHANDLER

 Opinion of the Court

[The Court:] Now, I want to make sure you understand –
you hesitated a little bit there and looked up at the ceiling.
I want to make sure that you understand that you’re
pleading guilty to the charge. If you need additional time
to talk to [defense counsel] and discuss it further or if
there’s any question about it in your mind, please let me
know now, because I want to make sure that you
understand exactly what you’re doing.

[Defendant:] Well, the reason I’m pleading guilty is to keep
my granddaughter from having to go through more trauma
and go through court.

[The Court:] Okay.

[Defendant:] I did not do that, but I will plead guilty to the
charge to keep her from being more traumatized.

[The Court:] Okay, I understand, [Defendant]. Let me
explain something to you. I practiced law 28 years before I
became a judge 17 years ago, and I did many trials and
many pleas of guilty and represented a lot of folks over the
years. And I always told my clients, I will not plead you
guilty unless you are, in fact, guilty. I will not plead you
guilty if you say “I’m doing it because of something else. I
didn’t do it.” And that’s exactly what you told me just then,
“I didn’t do it.” So for that reason I’m not going to accept
your plea. Another judge may accept it, but I will never,
ever, accept a plea from someone who says, “I’m doing it
because of another reason, I really didn’t do it.” And I’m
not upset with you or anything like that, I just refuse to let
anyone do anything, plead guilty to anything, that they did
not – they say they did not do. I want to make sure that
you understand you have the right to a trial, a jury trial.
Do you understand?

[Defendant:] Yeah, I understand that. We discussed that,
me and my lawyer.

[The Court:] Okay.

 -4-
 STATE V. CHANDLER

 Opinion of the Court

 [Defendant:] And like I say, I did not intentionally do what
 they say I’ve done.

 [The Court:] Okay, that’s fine. That’s good.

 [Defendant:] But like I say, I told [defense counsel] that I
 would be willing to plead guilty to this, have a plea deal, to
 keep this child from having to be drug through the court
 system.

 [The Court:] That’s fine. I’m not going to accept your plea
 on that basis because I really don’t want you to plead guilty
 to anything that you stand there, uh, and you’ve said you
 didn’t do. So I’m not going to accept your plea. We’ll put it
 over on another calendar where another judge will be here.
 If you want to do that, you be sure and tell the judge what
 you told me if you still feel that way. I’m going to write it
 down here on this transcript of plea of why I didn’t take
 your plea.
 See, the easy thing for me to do is just take pleas and
 put people in jail or do whatever I need to do, or think is
 best for their sentence, and that’s easy. But I can’t lay
 down and go to sleep at night knowing that I put somebody
 in jail or entered a sentence of probation or whatever to
 something they did not do, or they say they did not do. I
 don’t know any of the facts of your case; I don’t know
 anything except what I just read in the indictment. That’s
 all I know. But when a man or woman says, I didn’t do
 something, that’s fine, I accept that.

(Emphasis added.)

 Defendant’s case was continued and subsequently came on for trial on August

7, 2017. Prior to trial, Defendant was arraigned again, and pleaded not guilty.

Defendant continued to maintain that he was factually innocent when he testified at

trial that

 -5-
 STATE V. CHANDLER

 Opinion of the Court

 [Defendant:] I just remember saying that I don’t, I don’t
 understand why [the victim] would lie. I don’t understand
 why all this whatever happened had happened, but I know
 that I didn’t – . . . And I know it wasn’t true.

 ....

 [Defense Counsel:] Did you ever knowingly touch [the
 victim]?

 [Defendant:] No, sir.

 A Madison County jury convicted Defendant of first degree sex offense and

indecent liberties with a child, and received consecutive sentences of 192 to 291

months and 16 to 29 months in custody. Defendant argues for the first time on appeal

that the trial court erred on February 7, 2017 when it rejected his plea. Specifically,

Defendant asserts that a trial court judge is required to accept a guilty plea pursuant

to N.C. Gen. Stat. § 15A-1023(c), even when a defendant maintains his innocence.

We disagree.

 Analysis

 If the parties have entered a plea arrangement
 relating to the disposition of charges in which the
 prosecutor has not agreed to make any recommendations
 concerning sentence, the substance of the arrangement
 must be disclosed to the judge at the time the defendant is
 called upon to plead. The judge must accept the plea if he
 determines that the plea is the product of the informed
 choice of the defendant and that there is a factual basis for
 the plea.

N.C. Gen. Stat. § 15A-1023(c) (2017).

 -6-
 STATE V. CHANDLER

 Opinion of the Court

 “A valid guilty plea . . . serves as an admission of all the facts alleged in the

indictment or other criminal process.” State v. Thompson, 314 N.C. 618, 623-24, 336

S.E.2d 78, 81 (1985) (citations omitted). A guilty plea is “[a]n express confession” by

a defendant who “directly, and in the face of the court, admits the truth of the

accusation.” State v. Branner, 149 N.C. 559, 561, 63 S.E. 169, 170 (1908). “A plea of

guilty is not only an admission of guilt, but is a formal confession of guilt before the

court in which the defendant is arraigned.” Id. at 561-62, 63 S.E. at 170.

 “A defendant enters into an Alford plea when he proclaims he is innocent, but

intelligently concludes that his interests require entry of a guilty plea and the record

before the judge contains strong evidence of actual guilt.” State v. Chery, 203 N.C.

App. 310, 314, 691 S.E.2d 40, 44 (2010) (citation and quotation marks omitted). North

Carolina v. Alford notes that:

 Because of the importance of protecting the innocent and
 of insuring that guilty pleas are a product of free and
 intelligent choice, various state and federal court decisions
 properly caution that pleas coupled with claims of
 innocence should not be accepted unless there is a factual
 basis for the plea, . . . and until the judge taking the plea
 has inquired into and sought to resolve the conflict between
 the waiver of trial and the claim of innocence.

North Carolina v. Alford, 400 U.S. 25, 37-38 n.10 (1970) (citations omitted).

 A defendant’s plea must be the product of his informed choice, and a trial court

cannot accept a plea from a defendant unless it so finds. N.C. Gen. Stat. § 15A-

1022(b) (2017). “[A] plea of guilty . . . may not be considered valid unless it appears

 -7-
 STATE V. CHANDLER

 Opinion of the Court

affirmatively that it was entered voluntarily and understandingly.” State v. Tinney,

229 N.C. App. 616, 621, 748 S.E.2d 730, 734 (2013) (quoting State v. Ford, 281 N.C.

62, 67-68, 187 S.E.2d 741, 745 (1972)). Whether a defendant’s plea was the product

of his informed choice is a question of law reviewed de novo. Id. (citation omitted).

 The trial court correctly rejected Defendant’s tendered guilty plea because the

trial court did not and could not find that it was the product of his informed choice.

Here, the trial court expressed concern that Defendant did not fully understand what

he was doing by tendering a plea of guilty:

 Now, I want to make sure you understand – you hesitated
 a little bit there and looked up at the ceiling. I want to
 make sure that you understand that you’re pleading guilty
 to the charge. If you need additional time to talk to
 [defense counsel] and discuss it further or if there’s any
 question about it in your mind, please let me know now,
 because I want to make sure that you understand exactly
 what you’re doing.

Defendant did not respond that he understood what he was doing. When questioned

about whether he understood what he was doing by pleading guilty, Defendant

maintained his innocence.

 Judge Pope was thus presented with a defendant who provided a plea

transcript with “an admission of all the facts alleged in the indictment or other

criminal process,” Thompson, 314 N.C. at 624, 336 S.E.2d at 81 (citation omitted), but

who asserted factual innocence. This conflict in Defendant’s answers cannot result

in a finding that Defendant knowingly, intelligently, and understandingly tendered

 -8-
 STATE V. CHANDLER

 Opinion of the Court

a plea of guilty to the trial court because of the conflicting and contradictory

information provided to the trial court by Defendant. To find otherwise would be to

rewrite the plea agreement as an Alford plea.1

 Upon inquiry by Judge Pope about whether Defendant understood what he

was doing, Defendant never “clearly expressed [a] desire to enter” a plea, and he never

stated or intimated in any way that “his interests require entry of a guilty plea.”

Defendant did not assert in the trial court, nor does he argue here, that it is in his

best interest to plead pursuant to Alford. Defendant stated he was attempting to

plead guilty so the victim would not have to go through the difficulty of testifying, but

he did not and has not asserted that it was in his best interest to plead pursuant to

Alford. Defendant maintained his innocence, and his plea of not guilty and

subsequent testimony at trial demonstrate that he believed the presumption of

innocence and trial by a jury of his peers were in his best interests.2

 1 Plea agreements are in essence contracts. State v. Blackwell, 135 N.C. App. 729, 731, 522
S.E.2d 313, 315 (1999), remanded on other grounds, 353 N.C. 259, 538 S.E.2d 929 (2000). This Court
has no authority to mandate that the prosecutor must offer Defendant an Alford plea. Based upon the
plain language of the Transcript of Plea, the prosecutor here agreed to a concession on charges on the
condition that Defendant plead guilty. It is the prosecutor who has the discretion to craft the terms of
a plea and sign a plea transcript. “The District Attorney shall . . . be responsible for the prosecution on
behalf of the State of all criminal actions in the Superior Courts of his district[.]” N.C. Const. art. IV,
§ 18. “The clear mandate of that provision is that the responsibility and authority to prosecute all
criminal actions in the superior courts is vested solely in the several District Attorneys of the State.”
State v. Camacho, 329 N.C. 589, 593, 406 S.E.2d 868, 871 (1991). This Court would exceed its authority
were it to craft a plea arrangement for the State.
 2 We note that if we were to accept Defendant’s argument, the likelihood that factually

innocent defendants will be incarcerated in North Carolina increases because it removes discretion
and common sense from our trial judges. Judges would be required to accept guilty pleas, not just
Alford pleas, when defendants maintain innocence. Such a result is incompatible with our system of
justice.

 -9-
 STATE V. CHANDLER

 Opinion of the Court

 Conclusion

 Because the trial court did not err in refusing to accept Defendant’s plea of

guilty, we will not disturb the judgment.

 NO ERROR.

 Judge STROUD concurs.

 Judge DILLON dissents with separate opinion.

 - 10 -
 No. COA18-14 – STATE v. CHANDLER

 DILLON, Judge, dissenting.

 I. Summary of Dissent

 Our General Assembly has provided that a trial court “must” accept a plea

arrangement between the prosecutor and the defendant where the conditions of

Section 15A-1023(c) are met. There is nothing in Section 15A-1023(c) which gives the

trial court discretion to reject an arrangement simply because the defendant claims

during the required colloquy that he did not, in fact, commit the crime.

 Our General Assembly has empowered the prosecutor to decide whether to

require a defendant to admit to the crime as a condition of agreeing to a plea

arrangement. And if a defendant acts contrary to this condition of their deal by

professing his innocence during the colloquy, it is the prosecutor who has the right to

withdraw the offer. But it is of no concern of the trial court.

 Here, the prosecutor did not withdraw from the plea deal based on Defendant’s

profession of innocence during the colloquy. And there is no indication that the

requirements of Section 15A-1023(c) were not met. Therefore, I must conclude that

the trial judge was compelled by statute to accept the plea.

 Further, I conclude that Defendant was prejudiced by the trial judge’s failure

to accept the plea deal. Specifically, Defendant was charged with two crimes; the

State agreed to dismiss one of the charges in exchange for his plea of guilty to the
 STATE. V. CHANDLER

 DILLON, J., dissenting

other charge; and after the trial judge rejected his plea, Defendant was subsequently

tried, convicted, and sentenced for both crimes.

 II. Analysis

 Defendant challenges his convictions arguing that the first judge who heard

his guilty plea failed to follow a statutory mandate requiring that the judge accept

the guilty plea. Defendant contends that, if he had been allowed to plead guilty to

only the indecent liberties charge, he would have been exposed to sentencing for only

one charge, rather than for both charges.3

 Defendant and the prosecutor entered into a plea deal whereby Defendant

agreed to plead guilty. During the colloquy, Defendant stated that he wanted to plead

guilty but that he was, in fact, innocent. In North Carolina, there is no constitutional

or statutory barrier for a defendant to plead guilty while maintaining his innocence.

This type of plea is what is known as an Alford plea, named for the United States

Supreme Court case North Carolina v. Alford.4

 3 I acknowledge that Defendant failed to object to the first judge’s refusal to accept his guilty
plea. However, the trial judge had a statutory duty to accept the guilty plea in this case. N.C. Gen.
Stat. § 15A-1023(c) (2017). And our Supreme Court has long held that “[w]hen a trial court acts
contrary to a statutory mandate, the right to appeal the court’s action is preserved, notwithstanding
the failure of the appealing party to object at trial.” State v. Jones, 336 N.C. 490, 497, 445 S.E.2d 23,
26 (1994). Therefore, Defendant’s failure to object is not fatal to our consideration of this appeal.
 4 In Alford, the Court held that the federal constitution allowed for a trial court to accept a
defendant’s guilty plea, even where the defendant claims his innocence. North Carolina v. Alford, 400
U.S. 25, 37-8 (1970). However, the Court did not hold that state trial courts are required to accept
Alford pleas, leaving the decision to “the States in their wisdom.” Id. at 39. While many states,
including North Carolina, allow Alford pleas, there are some states that have chosen not to accept
Alford pleas where the defendant maintains his or her own innocence under their own state’s

 -2-
 STATE. V. CHANDLER

 DILLON, J., dissenting

 Our General Assembly has provided three types of pleas: guilty, not guilty,

and no contest (nolo contendere). See N.C. Gen. Stat. § 15A-1022 (2017). Our General

Assembly has not expressly delineated Alford pleas as a fourth type of plea nor has

that body prescribed such pleas to be made in our courts. Rather, Alford pleas are a

creation of the judicial branch and are recognized as a subset of guilty pleas, and not

a subset of no contest or not guilty pleas. See, e.g., State v. Ross, 369 N.C. 393, 395,

794 S.E.2d 289, 290 (2016) (stating that the “[d]efendant entered an Alford plea of

guilty”); State v. Miller, 367 N.C. 702, 705, 766 S.E.2d 289, 291 (2014) (“Defendant

entered an Alford plea of guilty[.]”); State v. Baskins, ___ N.C. App. ___, ___, 818

S.E.2d 381, 387 n.1 (2018) (recognizing that “an Alford plea [is] when the defendant

pleads guilty without an admission of guilt”); State v. Salvetti, 202 N.C. App. 18, 28,

687 S.E.2d 698, 705 (2010) (discussing Alford pleas as a subset of guilty pleas, and

ensuring the defendant understood this relationship).

 The extent of a trial judge’s discretion to accept or reject a plea arrangement

has been set by our General Assembly. A judge’s discretion depends on the type of

plea entered. For instance, the General Assembly has given discretion to trial judges

whether to accept a “no contest” plea. N.C. Gen. Stat. § 15A-1022(d) (2017) (“The

constitutional provisions. See, e.g., State v. Urbina, 115 A.3d 261, 269 (N.J. 2015) (recognizing a strong
disapproval of Alford pleas by the New Jersey Supreme Court); Webster v. State, 708 N.E.2d 610, 614
(Ind. Ct. App. 1999) (“For many years, Indiana has declined to accept a guilty plea where a defendant
contemporaneously maintains his innocence.”).

 -3-
 STATE. V. CHANDLER

 DILLON, J., dissenting

judge may accept the defendant's plea of no contest even though the defendant does

not admit that he is in fact guilty . . . .” (emphasis added)).

 On the other hand, however, and relevant to this present case, the General

Assembly has provided that a trial judge “must” accept a guilty plea where (1) the

plea is based on his or her own informed choice, (2) a factual basis exists for the plea,

and (3) sentencing is left to the discretion of the court. N.C. Gen. Stat. § 15A-1023

(2017). The General Assembly has made no exception to this statutory mandate for

the subset of guilty pleas known in the judiciary as Alford pleas.5

 Here, Defendant wished to plead guilty to the indecent liberties charge in order

to avoid possible punishment on the sex offense charge. The prosecutor agreed to this

arrangement. Granted, the prosecutor’s acceptance was conditioned on the inclusion

of a provision in the agreement that Defendant acknowledged that he was in fact

guilty. To require this condition as part of a plea deal is certainly within a

prosecutor’s discretion. Defendant signed the agreement. But during the colloquy

when Defendant suggested that he did not in fact commit the crime, it was on the

prosecutor to withdraw the offer, which the prosecutor had the discretion to do. See

State v. Collins, 300 N.C. 142, 149, 265 S.E.2d 172, 176 (1980) (“The State may

withdraw from a plea bargain arrangement at any time prior to, but not after, the

 5
 My research failed to uncover the phrase “Alford plea” occurring anywhere in the text of our
General Statutes.

 -4-
 STATE. V. CHANDLER

 DILLON, J., dissenting

actual entry of the guilty plea by defendant or any other change of position by him

constituting detrimental reliance upon the arrangement.”).

 But whether Defendant’s guilty plea was an admission of actual guilt or an

Alford plea was of no concern to the trial judge, as our General Assembly has not

authorized the judge to consider this as a factor. Since the plea arrangement did not

contain any sentencing recommendation, the trial court could have rejected the plea

only if it found either (1) that the plea was not the product of Defendant’s informed

choice or (2) there was not a factual basis for the plea. Here, there is no indication

that Defendant did not make an informed choice. And it is apparent that there was

a sufficient factual basis for Defendant’s plea, because a jury later found that

Defendant had committed both crimes beyond a reasonable doubt.

 The only plausible legal argument that could be made that the trial court had

discretion under the statute to reject Defendant’s plea is based on the “factual basis”

prong. Specifically, one could argue that there was no factual basis for the provision

in the plea arrangement that Defendant was admitting guilt, as Defendant professed

his innocence during the colloquy. For the following reasons, though, I do not believe

that this argument is a winning one.

 Specifically, whether or not a defendant actually admits to the crime is not part

of the information which makes up the “factual basis” prong:

 A defendant’s bare admission of guilt, or plea of no contest,
 always contained in [the Transcript of Plea], does not

 -5-
 STATE. V. CHANDLER

 DILLON, J., dissenting

 provide the “factual basis” contemplated by G.S. 15A-
 1022(c) . . . . The statute, if it is to be given any meaning
 at all, must contemplate that some substantive material
 independent of the plea itself appear of record which tends
 to show that defendant is, in fact, guilty.

State v. Sinclair, 301 N.C. 193, 199, 270 S.E.2d 418, 421 (1980); see also State v.

Bollinger, 320 N.C. 596, 603, 359 S.E.2d 459, 463 (1987) (stating that “[n]othing in

N.C.G.S. § 15A-1022 requires the court to make [] an inquiry [of the defendant as to

whether he was in fact guilty]”). The information which makes up the “factual basis”

prong is the “information [from which] an independent judicial determination of

defendant’s actual guilt” could be made. State v. Agnew, 361 N.C. 333, 337, 643

S.E.2d 581, 584 (2007). And the General Assembly has provided a number of sources

from which this information could be presented apart from the words of the

defendant. See N.C. Gen. Stat. § 15A-1022(c) (2017).6

 Rather than being part of the information for the “factual basis” prong,

Defendant’s admission of actual guilt is simply a condition which the State required

to induce it to enter into the plea arrangement. And when Defendant acted contrary

to this condition, it was certainly the right of the prosecutor to walk away from the

deal based on this “breach.” But the prosecutor waived this potential breach by not

speaking up during the colloquy.

 6 The statute provides that the “factual basis” may be based on, for example, “[a] statement of
the facts by the prosecutor,” “[a]n examination of the presentencing report,” or “sworn testimony” from
third parties. N.C. Gen. Stat. § 15A-1022(c)(1), (3)-(4).

 -6-
 STATE. V. CHANDLER

 DILLON, J., dissenting

 I note the State’s waiver argument; namely that since Defendant was given a

second opportunity to plead guilty before a different judge but elected to plead not

guilty, he waived any argument on appeal. See State v. Gaiten, 277 N.C. 236, 239,

176 S.E.2d 778, 781 (1970) (“[I]t is a general rule that a defendant may waive the

benefit of statutory or constitutional provisions by express consent, failure to assert

it in apt time, or by conduct inconsistent with a purpose to insist upon it.” (emphasis

added)).

 However, I further note that it is the State’s burden to point to evidence of

Defendant’s waiver. Here, in order to show that Defendant waived any argument

concerning the first judge’s refusal to accept his guilty plea, the State must show that

the same plea arrangement was still on the table when he later went to trial and

pleaded not guilty. But the State has not pointed to any evidence and I found no

evidence in the record showing that the plea arrangement allowing Defendant to

plead guilty to indecent liberties in exchange for dismissal of the sex offenses charge

was still available when his case went to trial. Indeed, the State does not make any

argument in its brief that the deal was still on the table. Therefore, it cannot be said

that Defendant waived his statutory rights by pleading not guilty at trial where there

is no evidence that the prior deal was still on the table.

 Accordingly, my vote is to remand the matter and to “instruct the district

attorney on remand to renew the plea offer accepted by [D]efendant and presented to

 -7-
 STATE. V. CHANDLER

 DILLON, J., dissenting

the trial court.” State v. Lineberger, 342 N.C. 599, 607, 467 S.E.2d 24, 28 (1996). If

Defendant agrees to the offer—even if he still verbally professes his innocence during

the colloquy as he did before—the trial court must (1) accept the plea under Section

15A-1023(c), (2) vacate the current judgment, and (3) enter a new judgment based on

the guilty plea to include a sentence as allowed by law. If Defendant rejects the plea

offer on remand, then the current judgment should not be disturbed, as Defendant

otherwise received a fair trial.7

 7 I note that in Lineberger, our Supreme Court ordered that the defendant was entitled to a
new trial if on remand his guilty plea was not accepted. Lineberger, 342 N.C. at 607, 467 S.E.2d at 28.
However, the Court was construing Section 15A-1023(b), which gives the trial court discretion to
accept a plea where a sentence is recommended, but which requires the trial court to grant the
defendant a continuance if it does not accept the plea. N.C. Gen. Stat. § 15A-1023(b). In Lineberger,
the Court held, not only did the trial court fail to properly exercise its discretion in considering the
plea, but it also failed to grant a continuance when it rejected the plea. Lineberger, 342 N.C. at 606-
7, 467 S.E.2d at 28. In the present case, Defendant makes no argument regarding the conduct of the
trial itself. Therefore, we conclude that the judgment should be vacated only if Defendant accepts the
plea previously offered.

 -8-