DILLON, Judge, dissenting.
*64 I. Summary of Dissent
Our General Assembly has provided that a trial court "must" accept a plea arrangement between the prosecutor and the defendant where the conditions of Section 15A-1023(c) are met. There is nothing in Section 15A-1023(c) which gives the trial court discretion to reject an arrangement simply because the defendant claims during the required colloquy that he did not, in fact, commit the crime.
Our General Assembly has empowered the prosecutor to decide whether to require a defendant to admit to the crime as a condition of agreeing to a plea arrangement. And if a defendant acts contrary to this condition of their deal by professing his innocence during the colloquy, it is the prosecutor who has the right to withdraw the offer. But it is of no concern of the trial court.
Here, the prosecutor did not withdraw from the plea deal based on Defendant's profession of innocence during the colloquy. And there is no indication that the requirements of Section 15A-1023(c) were not met. Therefore, I must conclude that the trial judge was compelled by statute to accept the plea.
Further, I conclude that Defendant was prejudiced by the trial judge's failure to accept the plea deal. Specifically, Defendant was charged with two crimes; the State agreed to dismiss one of the charges in exchange for his plea of guilty to the other charge; and after the trial judge rejected his plea, Defendant was subsequently tried, convicted, and sentenced for both crimes.
II. Analysis
Defendant challenges his convictions arguing that the first judge who heard his guilty plea failed to follow a statutory mandate requiring that the judge accept the guilty plea. Defendant contends that, if he had been allowed to plead guilty to only the indecent liberties charge, he would have been exposed to sentencing for only one charge, rather than for both charges.[3]
*118 *65 Defendant and the prosecutor entered into a plea deal whereby Defendant agreed to plead guilty. During the colloquy, Defendant stated that he wanted to plead guilty but that he was, in fact, innocent. In North Carolina, there is no constitutional or statutory barrier for a defendant to plead guilty while maintaining his innocence. This type of plea is what is known as an Alford plea, named for the United States Supreme Court case North Carolina v. Alford .[4]
Our General Assembly has provided three types of pleas: guilty, not guilty, and no contest (nolo contendere ). See N.C. Gen. Stat. § 15A-1022 (2017). Our General Assembly has not expressly delineated Alford pleas as a fourth type of plea nor has that body prescribed such pleas to be made in our courts. Rather, Alford pleas are a creation of the judicial branch and are recognized as a subset of guilty pleas, and not a subset of no contest or not guilty pleas. See , e.g. , State v. Ross , 369 N.C. 393, 395, 794 S.E.2d 289, 290 (2016) (stating that the "[d]efendant entered an Alford plea of guilty"); State v. Miller , 367 N.C. 702, 705, 766 S.E.2d 289, 291 (2014) ("Defendant entered an Alford plea of guilty[.]"); State v. Baskins , --- N.C. App. ----, ----, 818 S.E.2d 381, 387 n.1 (2018) (recognizing that "an Alford plea [is] when the defendant pleads guilty without an admission of guilt"); State v. Salvetti , 202 N.C. App. 18, 28, 687 S.E.2d 698, 705 (2010) (discussing Alford pleas as a subset of guilty pleas, and ensuring the defendant understood this relationship).
The extent of a trial judge's discretion to accept or reject a plea arrangement has been set by our General Assembly. A judge's discretion depends on the type of plea entered. For instance, the General Assembly has given discretion to trial judges whether to accept a "no contest"
*66 plea. N.C. Gen. Stat. § 15A-1022(d) (2017) ("The judge may accept the defendant's plea of no contest even though the defendant does not admit that he is in fact guilty ...." (emphasis added)).
On the other hand, however, and relevant to this present case , the General Assembly has provided that a trial judge "must" accept a guilty plea where (1) the plea is based on his or her own informed choice, (2) a factual basis exists for the plea, and (3) sentencing is left to the discretion of the court. N.C. Gen. Stat. § 15A-1023 (2017). The General Assembly has made no exception to this statutory mandate for the subset of guilty pleas known in the judiciary as Alford pleas.[5]
Here, Defendant wished to plead guilty to the indecent liberties charge in order to avoid possible punishment on the sex offense charge. The prosecutor agreed to this arrangement. Granted, the prosecutor's acceptance was conditioned on the inclusion of a provision in the agreement that Defendant acknowledged that he was in fact guilty. To require this condition as part of a plea deal is certainly within a prosecutor's discretion. Defendant signed the agreement. But during the colloquy when Defendant suggested that he did not in fact commit the crime, it was on the prosecutor to withdraw the offer, which the prosecutor had the discretion to do. See State v. Collins , 300 N.C. 142, 149, 265 S.E.2d 172, 176 (1980) ("The State may withdraw from a plea bargain arrangement at *119 any time prior to, but not after, the actual entry of the guilty plea by defendant or any other change of position by him constituting detrimental reliance upon the arrangement.").
But whether Defendant's guilty plea was an admission of actual guilt or an Alford plea was of no concern to the trial judge, as our General Assembly has not authorized the judge to consider this as a factor. Since the plea arrangement did not contain any sentencing recommendation, the trial court could have rejected the plea only if it found either (1) that the plea was not the product of Defendant's informed choice or (2) there was not a factual basis for the plea. Here, there is no indication that Defendant did not make an informed choice. And it is apparent that there was a sufficient factual basis for Defendant's plea, because a jury later found that Defendant had committed both crimes beyond a reasonable doubt.
The only plausible legal argument that could be made that the trial court had discretion under the statute to reject Defendant's plea is based *67 on the "factual basis" prong. Specifically, one could argue that there was no factual basis for the provision in the plea arrangement that Defendant was admitting guilt, as Defendant professed his innocence during the colloquy. For the following reasons, though, I do not believe that this argument is a winning one.
Specifically, whether or not a defendant actually admits to the crime is not part of the information which makes up the "factual basis" prong:
A defendant's bare admission of guilt, or plea of no contest, always contained in [the Transcript of Plea], does not provide the "factual basis" contemplated by G.S. 15A-1022(c) .... The statute, if it is to be given any meaning at all, must contemplate that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty.
State v. Sinclair , 301 N.C. 193, 199, 270 S.E.2d 418, 421 (1980) ; see also State v. Bolinger , 320 N.C. 596, 603, 359 S.E.2d 459, 463 (1987) (stating that "[n]othing in N.C.G.S. § 15A-1022 requires the court to make [ ] an inquiry [of the defendant as to whether he was in fact guilty]"). The information which makes up the "factual basis" prong is the "information [from which] an independent judicial determination of defendant's actual guilt" could be made. State v. Agnew , 361 N.C. 333, 337, 643 S.E.2d 581, 584 (2007). And the General Assembly has provided a number of sources from which this information could be presented apart from the words of the defendant. See N.C. Gen. Stat. § 15A-1022(c) (2017).[6]
Rather than being part of the information for the "factual basis" prong, Defendant's admission of actual guilt is simply a condition which the State required to induce it to enter into the plea arrangement. And when Defendant acted contrary to this condition, it was certainly the right of the prosecutor to walk away from the deal based on this "breach." But the prosecutor waived this potential breach by not speaking up during the colloquy.
I note the State's waiver argument; namely that since Defendant was given a second opportunity to plead guilty before a different judge but elected to plead not guilty, he waived any argument on appeal. See State v. Gaiten , 277 N.C. 236, 239, 176 S.E.2d 778, 781 (1970) ("[I]t is a general rule that a defendant may waive the benefit of statutory or constitutional *68 provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it ." (emphasis added)).
However, I further note that it is the State's burden to point to evidence of Defendant's waiver. Here, in order to show that Defendant waived any argument concerning the first judge's refusal to accept his guilty plea, the State must show that the same plea arrangement was still on the table when he later went to trial and pleaded not guilty. But the State has not pointed to any evidence and I found no evidence in the record showing *120 that the plea arrangement allowing Defendant to plead guilty to indecent liberties in exchange for dismissal of the sex offenses charge was still available when his case went to trial. Indeed, the State does not make any argument in its brief that the deal was still on the table. Therefore, it cannot be said that Defendant waived his statutory rights by pleading not guilty at trial where there is no evidence that the prior deal was still on the table.
Accordingly, my vote is to remand the matter and to "instruct the district attorney on remand to renew the plea offer accepted by [D]efendant and presented to the trial court." State v. Lineberger , 342 N.C. 599, 607, 467 S.E.2d 24, 28 (1996). If Defendant agrees to the offer-even if he still verbally professes his innocence during the colloquy as he did before-the trial court must (1) accept the plea under Section 15A-1023(c), (2) vacate the current judgment, and (3) enter a new judgment based on the guilty plea to include a sentence as allowed by law. If Defendant rejects the plea offer on remand, then the current judgment should not be disturbed, as Defendant otherwise received a fair trial.[7]

I acknowledge that Defendant failed to object to the first judge's refusal to accept his guilty plea. However, the trial judge had a statutory duty to accept the guilty plea in this case. N.C. Gen. Stat. § 15A-1023(c) (2017). And our Supreme Court has long held that "[w]hen a trial court acts contrary to a statutory mandate, the right to appeal the court's action is preserved, notwithstanding the failure of the appealing party to object at trial." State v. Jones , 336 N.C. 490, 497, 445 S.E.2d 23, 26 (1994). Therefore, Defendant's failure to object is not fatal to our consideration of this appeal.

In Alford , the Court held that the federal constitution allowed for a trial court to accept a defendant's guilty plea, even where the defendant claims his innocence. North Carolina v. Alford , 400 U.S. 25, 37-8, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, the Court did not hold that state trial courts are required to accept Alford pleas, leaving the decision to "the States in their wisdom." Id. at 39, 91 S.Ct. 160. While many states, including North Carolina, allow Alford pleas, there are some states that have chosen not to accept Alford pleas where the defendant maintains his or her own innocence under their own state's constitutional provisions. See, e.g. , State v. Urbina , 221 N.J. 509, 115 A.3d 261, 269 (2015) (recognizing a strong disapproval of Alford pleas by the New Jersey Supreme Court); Webster v. State , 708 N.E.2d 610, 614 (Ind. Ct. App. 1999) ("For many years, Indiana has declined to accept a guilty plea where a defendant contemporaneously maintains his innocence.").

My research failed to uncover the phrase "Alford plea" occurring anywhere in the text of our General Statutes.

The statute provides that the "factual basis" may be based on, for example, "[a] statement of the facts by the prosecutor," "[a]n examination of the presentencing report," or "sworn testimony" from third parties. N.C. Gen. Stat. § 15A-1022(c)(1), (3)-(4).

I note that in Lineberger , our Supreme Court ordered that the defendant was entitled to a new trial if on remand his guilty plea was not accepted. Lineberger , 342 N.C. at 607, 467 S.E.2d at 28. However, the Court was construing Section 15A-1023(b), which gives the trial court discretion to accept a plea where a sentence is recommended, but which requires the trial court to grant the defendant a continuance if it does not accept the plea. N.C. Gen. Stat. § 15A-1023(b). In Lineberger , the Court held, not only did the trial court fail to properly exercise its discretion in considering the plea, but it also failed to grant a continuance when it rejected the plea. Lineberger , 342 N.C. at 606-07, 467 S.E.2d at 28. In the present case, Defendant makes no argument regarding the conduct of the trial itself. Therefore, we conclude that the judgment should be vacated only if Defendant accepts the plea previously offered.