Daniel, J.
 

 The defendant was indicted for Perjury, He pleaded “
 
 not
 
 guilty.” By the record sent up, it appears, that the jury found a
 
 general
 
 verdict of guilty against the defendant. The Judge, therefore, had either to pronounce the sentence of the law on motion, or grant a new trial. The record then further states, that the “ question reserved coming on for consideration, the Court was of opinion with the defendant, and a verdict of not guilty entered.” The jury had not asked the advice of the Court, in a special verdict, whether the defendant was guilty or not, or found a verdict subject to the opinion of the Court, upon any point of law reserved: they had found a general verdict of guilty. The Judge ordered this verdict to be set aside. He had power to do that, but he had no power to pronounce that the defendant was not guilty, in the face of the general verdict of the jury, upon the record, that he was guilty. That the jury intended to find a verdict of guilty subject to the opinion of the Court as to the law, arising upon those facts which are set forth in the case sent up here for our review, is stated by the Judge in the exception, to be a fact; but that is a statement inconsistent with what the jury have pronounced by their general verdict. Even if the verdict of “ Guilty” had been expressed to be “ subject to the opinion of tjhe Court” upon a point of law reserved, the Court would only have had the power,'if the opinion on that point was
 
 *250
 
 for the defendant, to set aside the verdict. There would be no authority to go another step, and change the verdict from one, that the defendant was guilty, into
 
 one,
 
 that he was not guilty. That can only be done, when the verdict is in that respect special, that is, when in a certain event the defendant is found guilty by the jury, and it is added, “ otherwise, not guilty or the like. But here, in the record, the verdict is in no degree conditional or dependent ; but it is a general and absolute verdict of guilty ; and the Court had no power to do more than either proceed to sentence on it, or set it aside and award a
 
 venire de novo,
 
 or grant a new trial. The case now stands, as if
 
 no
 
 trial had ever been had. The judgment must therefore be reversed and the case tried again.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.