## STATE v. ROBERT MOORE.

*Indictment for Murder—Homicide—Jury, Selection of Special Venire—Submitting to Verdict for Manslaughter—Appeal—Harmless Error.*

1. Where, on trial for murder, the jurors were selected from a special *venire* summoned from the general jury list irrespective of their qualifications as freeholders, instead of from a *venire* of freeholders only, as required by Sections 1738 and 1739 of *The Code*, but none but qualified freeholders were empanelled, and there was no challenge to the array ; *Held*, that the defendant was not prejudiced by such method of summoning the jurors.

2. Where a prisoner indicted and on trial for murder agreed that the jury should return a verdict of manslaughter, which was done, and the defendant appealed, assigning as error the exclusion of certain evidence ; *Held*, that the submission to the verdict of manslaughter was an acknowledgment and confession of the facts which constituted the crime, and an appeal from the judgment thereon cannot bring into question the regularity and correctness of the proceedings.

INDICTMENT for murder, tried before *Meares*, *J.*, and a jury, at December, 1896, Term of the Circuit Criminal Court for HALIFAX county.

Upon the trial a special *venire* of ninety was drawn from the box under the supervision of the court, as required by

Section 14, Ch., 156, Acts of 1895, from which *venire* and the regular jurors a jury was selected. Eight of the special *venire* were called and passed by the State to the prisoner. Upon examination of them, respectively, it was found that two had suits pending and at issue in the Superior Court of Halifax county, five were not freeholders and one had served on the jury in the Superior Court of Halifax within the past two years. The prisoner offered to challenge each of them for the disqualification that his examnination disclosed, as contended by the prisoner, but the challenges were refused, and the prisoner excepted and then challenged such *venire* men peremptorily.

During the trial the prisoner excepted to the admission of certain testimony.

After the testimony was closed, and one counsel on each side had addressed the jury, a recess was taken, and on the opening of the court next day the counsel on both sides announced in open court that the prisoner's counsel had offered to submit to a verdict of mansiaughter, and that the solicitor had agreed to the verdict. The court then repeated to the jury what the counsel on both sides had already stated in their presence, and the jury assented and the verdict of manslaughter was accordingly entered and judgment rendered. Thereupon defendant appealed.

*Messrs. Attorney General Zeb V. Walser* and *MacRae & Day*, for the State.
*Mr. C. B. Aycock*, for the prisoner.

MONTGOMERY, J.: The prisoner was indicted for murder and tried in the county of Halifax in the Circuit Criminal Court. In cases where a Judge of the Superior Court issues a special writ of *venire facias* only freeholders can be summoned. *The Code*, Sections 1738, 1739. It was argued

here for the defendant that he was entitled to a new trial upon the ground that the jurors who were the triers of the indictment against him were selected from a special *venire* ordered by the judge and summoned by the sheriff from the general jury list of the county, irrespective of their qualifications as freeholders. The defendant's counsel, while admitting that the Act, Chapter 156 of the Laws of 1895, which created the Circuit Criminal Court, and provided a method of procuring a special *venire* in cases of capital felonies, was followed in summoning the special *venire*, yet insisted that the Act was prejudicial to defendant's rights, in that it denied to persons indicted for capital felonies in the Circuit Criminal Court the same and equal protection which was afforded to persons indicted and tried for the same offences in the Superior Courts, and for that reason was contrary to that portion of Section 1 of Article XIV of the Amendments to the Constitution of the United States, which declares that no State in the Union shall "deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of its laws." Authorities were cited to sustain this position.

It is not necessary for us to make a decision upon the question raised by the argument. It might be that the defendant would have to be sustained in his contention if he had been compelled to take a single juror who was not a freeholder. But such does not appear to have been the case. It is true that several jurors who were not freeholders were tendered by the State, and that upon objection by the defendant, for cause, the objection was not sustained by the court. But it appears that all such were rejected by the peremptory challenges of the defendant and that a jury was selected before he had exhausted his peremptory challenges. The

jury, so far as we can see from the record, possessed all the qualifications required by the general law, Sections 1738, 1739 of *The Code*, in cases where they are selected from a special *venire*, and if some of them who were summoned by the sheriff did not possess the proper qualifications they did not try this case, and the defendant was therefore not prejudiced by such order of the judge and such action of the sheriff. There was no challenge to the array. The exceptions taken to the refusal of his Honor to admit certain testimony offered by the defendant need not be considered, for the reason that the verdict of the jury returned on the defendant's agreement that they should find him guilty of manslaughter is, in law, an acknowledgment and confession of the facts which constituted the crime, and an appeal from the judgment rendered thereon cannot bring into question the regularity and correctness of the proceedings. *State* v. *Warren*, 113 N. C., 683.

No Error.