STATE v. HENRY BRANNER and MERRITT BECK.

(Filed 22 December, 1908).

**1. Pleas—Retraction—Discretion of Court.**

Whether a prisoner may retract a plea of guilty and enter a plea of not guilty, or *vice versa,* is a matter for the sound legal discretion of the trial Court.

**2. Same.**

The trial Judge can, in his sound discretion, set aside a plea of guilty when, in his judgment, or for other good reason, it appears to have been improvidently entered; but he thereafter has no power to enter a verdict of not guilty and discharge the prisoner.

**3. Plea—Confession—Indictment—Variance.**

Upon a plea of guilty to an indictment the guilt of the prisoner is thereby established, and the plea eliminates all questions of variance between the offense charged and the proof.

4. Religious Meetings — Disturbance — Indictable Offense—Sunday-school.

A person who wilfully disturbs an assembled Sunday-school held in a place for the purpose, is indictable both at common law and under Revisal, secs. 3704 and 3706.

5. Appeal and Error—Indictment—Judgment, Erroneously Entered —New Trial—Solicitor's Discretion.

Should a new trial be awarded upon appeal by the State from a judgment of not guilty, erroneously entered by the trial Judge, because the evidence did not correspond with the indictment, the question of adding another count to the bill, or sending in a new bill, is one for the solicitor alone.

6. Appeal and Error — Criminal Offense — Erroneous Judgment — Prisoner Discharged.

The State has no right of appeal from the action of the trial Judge in striking out a plea of guilty and entering erroneously a plea of not guilty and discharging prisoner, upon a trial for an indictable offense, as no jurisdiction thereof is given the Supreme Court by the statute. Revisal, sec. 3276.

ACTION tried before *Peebles, J.,* July Term, 1908, of SWAIN.

*Hayden Clement* and *J. W. Bailey* for State.
*Shepherd & Shepherd* for defendant.

WALKER, J. The defendants were indicted in two counts, first, for wilfully interrupting and disturbing a meeting of people held for the purpose of public worship in "Bradley's Chapel Church," and, second, for being intoxicated and conducting themselves in a rude and disorderly manner at Bradley's Chapel, it being a place where people are accustomed to assemble for the purpose of divine worship and while they were so assembled for such purpose. The bill sufficiently charges the commission of a criminal offense. The defendants entered a plea of guilty. The case then states that the Court heard the evidence, and it appearing that the disturbance occurred on a certain day at a Sunday-school held at Bradley's Chapel, which was used for preaching, but there was no preaching on that day, and the Court being of the

opinion that there was a fatal variance between the allegations and the proof, ordered the plea of "guilty" to be stricken out and a verdict of "not guilty" to be entered, which was accordingly done, and the defendant discharged. The State excepted and appealed.

A confession of the defendant may be either express or implied. An express confession is where he pleads guilty and thus directly, and in the face of the Court, admits the truth of the accusation. This is called a plea of guilty and is equivalent to a conviction. 1 Chitty's Cr. Law, 429. The Court then has nothing to do but to award judgment as upon a verdict of guilty (4 Blackstone, 329), but, of course, may hear evidence for the purpose of enabling it to determine the measure of punishment. Clark's Cr. Procedure, p. 372. In *Green v. Com.*, 12 Allen (Mass.), 172, the Court said, when referring to the subject: "If a jury would be warranted in finding a person guilty of a particular offense charged in an indictment, the party accused may confess such offense by a plea of guilty; in other words, a plea of guilty may be supported whenever a verdict of a jury finding a party guilty of a crime would be held valid. A conviction of crime may be had in two ways; either by the verdict of a jury, or by the confession of the offense by the party charged by a plea of guilty, 'which is the highest conviction.' The effect of a confession is to supply the want of evidence. When, therefore, a party pleads guilty to an indictment, he confesses and convicts himself of all that is duly charged against him in that indictment," citing 2 Hawkins P. C., ch. 31; ch. 433, sec. 120; 4 Blk. Com., 362. The defendant will generally, but not necessarily, be allowed to retract his plea of guilty and plead not guilty. A defendant may also withdraw his plea of not guilty, even after it is recorded, and plead guilty. The motion to retract in either case is addressed to the sound discretion of the Court and a retraction is not a matter of right.

149—36

Clark's Cr. Pro., p. 373; *Mastronado v. State,* 60 Miss., 86.
A plea of guilty is not only an admission of guilt, but is a
formal confession of guilt before the Court in which the
defendant is arraigned. It is, in this respect, altogether
different from a full and voluntary confession, formally made
before a magistrate or to some other person. The latter *is*
merely evidence of guilt. Clark's Cr. Pro., *supra.* When
the plea of guilty is formally entered to an indictment, no
evidence of guilt is required in order to proceed to judgment,
for the defendant has himself supplied the necessary proof.
He has convicted himself. The Judge could, therefore, have
entered judgment upon the plea in this case, in like manner
as he could have done if there had been a formal verdict of
guilty returned by a jury upon evidence. While this is true,
the Court had the power to set aside the plea of guilty if it
was entered unadvisedly or improvidently, or for any other
good reason, but it could not, after striking out the plea, enter
a verdict of not guilty or discharge the defendant, and in
doing so, the Court committed an error. *State v. Curtis,*
28 N. C., 247. When the plea of guilty was stricken out, a
new trial should have been awarded, and the defendant held
to plead to the indictment again. In *State v. Curtis, supra,*
it is said: "Even if the verdict of 'guilty' had been expressed
to be 'subject to the opinion of the Court' upon a point of law
reserved, the Court would only have had the power, if the
opinion on that point was for the defendant, to set aside the
verdict. There would be no authority to go another step, and
change the verdict from one that the defendant was guilty,
into one that he was not guilty. That can only be done when
the verdict is in that respect special, that is, when in a cer-
tain event the defendant is found guilty by the jury, and it
is added, 'otherwise not guilty,' or the like. But here, in the
record, the verdict is in no degree conditional or dependent,
but is a general and absolute verdict of guilty, and the Court
has no power to do more than either to proceed to sentence

on it, or set it aside and award a *venire de novo,* or grant a new trial. The case now stands as if no trial had ever been had. The judgment must therefore be reversed and the case tried again."

Our case is stronger than this one, for here no jury had been empaneled, and the verdict of not guilty was not in any sense the verdict of a jury, but the verdict of the Judge, which is a legal anomaly. It is well to add that a Judge cannot compel a defendant against his will to plead not guilty and submit to a trial, for undoubtedly a prisoner of competent understanding, duly enlightened, has the right to plead guilty instead of denying the charge, yet, in proportion to the gravity of the offense, the Court should exercise caution in receiving this plea and should see that he is properly advised as to the nature of his act and its consequences. This is a matter which is left to the good judgment and discretion of the Court, which should be exercised so as to protect a defendant from an improvident plea and to prevent injustice. 1 Bishop's New Cr. Procedure, sec. 795.

We have regarded the order of the Court, by which the plea of guilty was stricken out, as made at the defendant's request, or at least with his consent, as he accepted the benefit of what was done. The indictment alleges a criminal offense, and as the Judge has stricken out the plea of guilty and had no power to enter a verdict of not guilty, the case would stand as if there had been no plea, provided the invalidity of the Court's action is shown in the proper way. We will not suggest the procedure, as that matter is not now before us.

The doctrine of variance did not apply to this case, as it relates only to evidence introduced to establish guilt, but not to any received after conviction, whether by verdict of a jury or confession of guilt in open court. The guilt is then legally ascertained and no further evidence of it is required. *State v. Moore,* 120 N. C., 565.

We think that a person who wilfully disturbs a Sunday-school was indictable at common law and our statutes are amply sufficient to cover such a case. 2 McLain Cr. Law, 1022; *State v. Jasper, supra;* 2 Wharton's Cr. Law (9 Ed.), sec. 1556a and notes. Revisal, sec. 3704 and 3706; *Martin v. State,* 6 Baxter, 234. The solicitor can send a new bill and add another count if he finds that the evidence may not correspond with the allegations of the present indictment. This is a matter for his consideration alone.

The real difficulty presented in the case here is whether the State had the right to appeal. We think not. The statute now regulates this matter and it provides: "An appeal to the Supreme Court may be taken by the State in the following cases and no other. Where judgment has been given for the defendant: 1. Upon a special verdict. 2. Upon a demurrer. 3. Upon a motion to quash. 4. Upon arrest of judgment." Revisal, sec. 3276. *State v. Savery,* 126 N. C., 1083. While, therefore, error appears in the proceedings below, we cannot reverse the action of the Court, as we have no jurisdiction, by reason of the statute, to do so, but we have considered the merits of the case to some extent, as they were fully discussed before us and we were asked to do so.

Appeal dismissed.