BERGER, Judge.
*114 *57 A Madison County jury found Kenneth Calvin Chandler ("Defendant") guilty of first-degree sex offense with a child and taking indecent liberties with a child. Defendant appeals, arguing that the trial judge improperly *58 refused to accept a tendered guilty plea in violation of the statutory mandate in N.C. Gen. Stat. § 15A-1023(c). We disagree.
Factual and Procedural Background
Defendant was indicted for first-degree sex offense with a child and indecent liberties with a child. Defendant reached a plea agreement with the State and signed a standard AOC-CR-300 Transcript of Plea to resolve these charges on February 6, 2017. Defendant's Transcript of Plea was also signed by his attorney and the prosecutor.
On page one of the Transcript of Plea, there are three boxes available to describe the type of plea a defendant is entering: (1) guilty, (2) guilty pursuant to Alford decision, and (3) no contest. Defendant checked that he was pleading guilty.
Page two of the Transcript of Plea has standard questions concerning the type of plea entered. In response to question 13, "Do you now personally plead guilty, [or] no contest to the charges I just described[,]" Defendant checked the box marked "guilty," and answered in the affirmative. Question 14 has subparts (a), (b), and (c). Each subpart concerns the different pleas available to a defendant. Subpart (a) is used with a guilty plea, (b) is for no contest pleas, and (c) is specifically for Alford pleas. Because Defendant was pleading guilty, in response to the question in subpart (a), "Are you in fact guilty[,]" Defendant again answered in the affirmative on the Transcript of Plea.
Page three of the Transcript of Plea addresses the plea arrangement made by the State. According to the Transcript of Plea, in exchange for Defendant's guilty plea, the State agreed to dismiss the charge of first degree sex offense. Page three also contains signature lines for Defendant, defense counsel, and the prosecutor. Defendant acknowledged that the terms and conditions stated in the Transcript of Plea were accurate. Defense counsel certified that he and Defendant agreed to the terms and conditions stated in the Transcript of Plea. The prosecutor's certification states that the conditions stated in the Transcript of Plea were agreed to by all parties for entry of the plea.
On February 7, 2017, the State called Defendant's case and indicated to the trial court that the Defendant planned to enter a plea. The prosecutor asked defense counsel how Defendant pleaded, and defense counsel responded, "Pursuant to negotiations, guilty." The Transcript of Plea was submitted to the trial court, and during the colloquy with Defendant, the following exchange occurred:
*59 [The Court:] Do you understand that you are pleading guilty to the following charge: 15 CRS 50222, one count of indecent liberties with a minor child, the date of offense is April 19 to April 20, 2015, that is a Class F felony, maximum punishment 59 months?
[Defendant:] Yes, sir.
[The Court:] Do you now personally plead guilty to the charges I just described?
[Defendant:] Yes, sir.
[The Court:] Are you, in fact, guilty?
[Defendant:] Yes, sir.
[The Court:] Now, I want to make sure you understand - you hesitated a little bit there and looked up at the ceiling. I want to make sure that you understand that you're pleading guilty to the charge. If you need additional time to talk to [defense counsel] and discuss it further or if there's any question about it in your mind, please let me know now, because I want to make sure that you understand exactly what you're doing.
[Defendant:] Well, the reason I'm pleading guilty is to keep my granddaughter from having to go through more trauma and go through court.
[The Court:] Okay.
*115 [Defendant:] I did not do that , but I will plead guilty to the charge to keep her from being more traumatized.
[The Court:] Okay, I understand, [Defendant]. Let me explain something to you. I practiced law 28 years before I became a judge 17 years ago, and I did many trials and many pleas of guilty and represented a lot of folks over the years. And I always told my clients, I will not plead you guilty unless you are, in fact, guilty. I will not plead you guilty if you say "I'm doing it because of something else. I didn't do it." And that's exactly what you told me just then, "I didn't do it." So for that reason I'm not going to accept your plea . Another judge may accept it, but I will never, ever, accept a plea from someone who says, "I'm doing it because of another reason, I really didn't do it." And *60 I'm not upset with you or anything like that, I just refuse to let anyone do anything, plead guilty to anything, that they did not - they say they did not do. I want to make sure that you understand you have the right to a trial, a jury trial. Do you understand?
[Defendant:] Yeah, I understand that. We discussed that, me and my lawyer.
[The Court:] Okay.
[Defendant:] And like I say, I did not intentionally do what they say I've done .
[The Court:] Okay, that's fine. That's good.
[Defendant:] But like I say, I told [defense counsel] that I would be willing to plead guilty to this, have a plea deal, to keep this child from having to be drug through the court system.
[The Court:] That's fine. I'm not going to accept your plea on that basis because I really don't want you to plead guilty to anything that you stand there, uh, and you've said you didn't do. So I'm not going to accept your plea. We'll put it over on another calendar where another judge will be here. If you want to do that, you be sure and tell the judge what you told me if you still feel that way. I'm going to write it down here on this transcript of plea of why I didn't take your plea.
See, the easy thing for me to do is just take pleas and put people in jail or do whatever I need to do, or think is best for their sentence, and that's easy. But I can't lay down and go to sleep at night knowing that I put somebody in jail or entered a sentence of probation or whatever to something they did not do, or they say they did not do. I don't know any of the facts of your case; I don't know anything except what I just read in the indictment. That's all I know. But when a man or woman says, I didn't do something, that's fine, I accept that.
(Emphasis added.)
Defendant's case was continued and subsequently came on for trial on August 7, 2017. Prior to trial, Defendant was arraigned again, and *61 pleaded not guilty. Defendant continued to maintain that he was factually innocent when he testified at trial that
[Defendant:] I just remember saying that I don't, I don't understand why [the victim] would lie. I don't understand why all this whatever happened had happened, but I know that I didn't - ... And I know it wasn't true.
....
[Defense Counsel:] Did you ever knowingly touch [the victim]?
[Defendant:] No, sir.
A Madison County jury convicted Defendant of first degree sex offense and indecent liberties with a child, and received consecutive sentences of 192 to 291 months and 16 to 29 months in custody. Defendant argues for the first time on appeal that the trial court erred on February 7, 2017 when it rejected his plea. Specifically, Defendant asserts that a trial court judge is required to accept a guilty plea pursuant to N.C. Gen. Stat. § 15A-1023(c), even when a defendant maintains his innocence. We disagree.
Analysis
If the parties have entered a plea arrangement relating to the disposition of charges in which the prosecutor has not agreed to make any recommendations concerning sentence, the substance of the arrangement must be disclosed to the judge at the time the defendant is called upon to plead. The judge must accept the plea if he determines that the plea is the product of *116 the informed choice of the defendant and that there is a factual basis for the plea.
N.C. Gen. Stat. § 15A-1023(c) (2017).
"A valid guilty plea ... serves as an admission of all the facts alleged in the indictment or other criminal process." State v. Thompson , 314 N.C. 618, 623-24, 336 S.E.2d 78, 81 (1985) (citations omitted). A guilty plea is "[a]n express confession" by a defendant who "directly, and in the face of the court, admits the truth of the accusation." State v. Branner , 149 N.C. 559, 561, 63 S.E. 169, 170 (1908). "A plea of guilty is not only an admission of guilt, but is a formal confession of guilt before the court in which the defendant is arraigned." Id . at 561-62, 63 S.E. at 170.
*62 "A defendant enters into an Alford plea when he proclaims he is innocent, but intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." State v. Chery , 203 N.C. App. 310, 314, 691 S.E.2d 40, 44 (2010) (citation and quotation marks omitted). North Carolina v. Alford notes that:
Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, ... and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.
North Carolina v. Alford , 400 U.S. 25, 37-38 n.10, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (citations omitted).
A defendant's plea must be the product of his informed choice, and a trial court cannot accept a plea from a defendant unless it so finds. N.C. Gen. Stat. § 15A-1022(b) (2017). "[A] plea of guilty ... may not be considered valid unless it appears affirmatively that it was entered voluntarily and understandingly." State v. Tinney , 229 N.C. App. 616, 621, 748 S.E.2d 730, 734 (2013) (quoting State v. Ford , 281 N.C. 62, 67-68, 187 S.E.2d 741, 745 (1972) ). Whether a defendant's plea was the product of his informed choice is a question of law reviewed de novo . Id. (citation omitted).
The trial court correctly rejected Defendant's tendered guilty plea because the trial court did not and could not find that it was the product of his informed choice. Here, the trial court expressed concern that Defendant did not fully understand what he was doing by tendering a plea of guilty:
Now, I want to make sure you understand - you hesitated a little bit there and looked up at the ceiling. I want to make sure that you understand that you're pleading guilty to the charge. If you need additional time to talk to [defense counsel] and discuss it further or if there's any question about it in your mind, please let me know now, because I want to make sure that you understand exactly what you're doing.
Defendant did not respond that he understood what he was doing. When questioned about whether he understood what he was doing by pleading guilty , Defendant maintained his innocence.
*63 Judge Pope was thus presented with a defendant who provided a plea transcript with "an admission of all the facts alleged in the indictment or other criminal process," Thompson , 314 N.C. at 624, 336 S.E.2d at 81 (citation omitted), but who asserted factual innocence. This conflict in Defendant's answers cannot result in a finding that Defendant knowingly, intelligently, and understandingly tendered a plea of guilty to the trial court because of the conflicting and contradictory information provided to the trial court by Defendant. To find otherwise would be to rewrite the plea agreement as an Alford plea.[1]
*117 Upon inquiry by Judge Pope about whether Defendant understood what he was doing, Defendant never "clearly expressed [a] desire to enter" a plea, and he never stated or intimated in any way that "his interests require entry of a guilty plea." Defendant did not assert in the trial court, nor does he argue here, that it is in his best interest to plead pursuant to Alford . Defendant stated he was attempting to plead guilty so the victim would not have to go through the difficulty of testifying, but he did not and has not asserted that it was in his best interest to plead pursuant to Alford . Defendant maintained his innocence, and his plea of not guilty and subsequent testimony at trial demonstrate that he believed the presumption of innocence and trial by a jury of his peers were in his best interests.[2]
Conclusion
Because the trial court did not err in refusing to accept Defendant's plea of guilty, we will not disturb the judgment.
NO ERROR.
Judge STROUD concurs.
Judge DILLON dissents with separate opinion.

Plea agreements are in essence contracts. State v. Blackwell , 135 N.C. App. 729, 731, 522 S.E.2d 313, 315 (1999), remanded on other grounds , 353 N.C. 259, 538 S.E.2d 929 (2000). This Court has no authority to mandate that the prosecutor must offer Defendant an Alford plea. Based upon the plain language of the Transcript of Plea, the prosecutor here agreed to a concession on charges on the condition that Defendant plead guilty. It is the prosecutor who has the discretion to craft the terms of a plea and sign a plea transcript. "The District Attorney shall ... be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district[.]" N.C. Const. art. IV, § 18. "The clear mandate of that provision is that the responsibility and authority to prosecute all criminal actions in the superior courts is vested solely in the several District Attorneys of the State." State v. Camacho , 329 N.C. 589, 593, 406 S.E.2d 868, 871 (1991). This Court would exceed its authority were it to craft a plea arrangement for the State.

We note that if we were to accept Defendant's argument, the likelihood that factually innocent defendants will be incarcerated in North Carolina increases because it removes discretion and common sense from our trial judges. Judges would be required to accept guilty pleas, not just Alford pleas, when defendants maintain innocence. Such a result is incompatible with our system of justice.