IN THE SUPREME COURT OF NORTH CAROLINA

No. 189A19

Filed 18 December 2020

STATE OF NORTH CAROLINA

v.

KENNETH CALVIN CHANDLER

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 265 N.C. App. 57 (2019), determining no error upon review of a judgment entered on 11 August 2017 by Judge Mark E. Powell in Superior Court, Madison County. Heard in the Supreme Court on 10 December 2019.

> *Joshua H. Stein, Attorney General, by Jennifer T. Harrod, Special Deputy Attorney General, for the State-appellee.*

> *Glenn Gerding, Appellate Defender, by Katherine Jane Allen, Assistant Appellate Defender, for defendant-appellant.*

HUDSON, Justice.

Here we consider whether a trial court erred in refusing to accept a criminal defendant's tendered guilty plea. Because we conclude that the trial court lacked discretion to reject defendant's plea pursuant to N.C.G.S. § 15A-1023(c) (2019), we reverse the decision of the Court of Appeals and remand with instructions to the district attorney to renew—and the trial court to consider if defendant accepts—the rejected plea offer.

## I.    Factual and Procedural History

On 3 August 2015, defendant was indicted on one count of first-degree sexual offense with a child and one count of indecent liberties with a child. Prior to trial, defendant negotiated a plea arrangement with the State. Pursuant to the plea arrangement, defendant agreed to plead guilty to the offense of taking indecent liberties with a child in exchange for the State's dismissal of the first-degree sexual offense charge.

On 6 February 2017, defendant, his trial counsel, and the assigned prosecutor signed a standard Transcript of Plea form. The first page of the Transcript of Plea displays three checkbox options to indicate the type of plea that a defendant is entering: (1) guilty, (2) guilty pursuant to *Alford* decision, or (3) no contest. Defendant checked the "guilty" box. In other places throughout the Transcript of Plea form, defendant reiterated that he was pleading guilty: defendant checked the "guilty" box to indicate that he understood that he was pleading guilty to one count of the charged offense of the Class F felony of "indecent liberties" with a maximum punishment of 59 months; defendant checked the "guilty" box to indicate that he personally pleaded guilty to the charge described by the trial judge; and defendant checked the "guilty" box to indicate that he agreed to plead guilty as part of a plea arrangement.

On the following day, 7 February 2017, defendant appeared in the Superior Court, Madison County for the entry of the guilty plea. During the colloquy required under N.C.G.S. § 15A-1022 (2019)—the statute which establishes the components of a criminal defendant's plea and a trial judge's acceptance of such a plea—defendant

stated that he was guilty, but went on to explain to the trial judge that he did not commit the act he was accused of perpetrating and was only pleading guilty to the charged offense in order to prevent his granddaughter (the victim) from having to endure court proceedings. Ultimately, the trial judge chose to reject defendant's plea.

During the colloquy defendant and the trial judge had the following exchange:

> [The Court:] Do you understand that you are pleading guilty to the following charge: 15 CRS 50222, one count of indecent liberties with a minor child, the date of offense is April 19 to April 20, 2015, that is a Class F felony, maximum punishment 59 months?
>
> [Defendant:] Yes, sir.
>
> [The Court:] Do you now personally plead guilty to the charges I just described?
>
> [Defendant:] Yes, sir.
>
> [The Court:] Are you, in fact, guilty?
>
> [Defendant:] Yes, sir.
>
> [The Court:] Now, I want to make sure you understand—you hesitated a little bit there and looked up at the ceiling. I want to make sure that you understand that you're pleading guilty to the charge. If you need additional time to talk to [defense counsel] and discuss it further or if there's any question about it in your mind, please let me know now, because I want to make sure that you understand exactly what you're doing.
>
> [Defendant:] Well, the reason I'm pleading guilty is to keep my granddaughter from having to go through more trauma and go through court.

[The Court:] Okay.

[Defendant:] I did not do that, but I will plead guilty to the charge to keep her from being more traumatized.

[The Court:] Okay, I understand, [Defendant]. Let me explain something to you. I practiced law 28 years before I became a judge 17 years ago, and I did many trials and many pleas of guilty and represented a lot of folks over the years. And I always told my clients, I will not plead you guilty unless you are, in fact, guilty. I will not plead you guilty if you say "I'm doing it because of something else. I didn't do it." And that's exactly what you told me just then, "I didn't do it." So for that reason I'm not going to accept your plea. Another judge may accept it, but I will never, ever, accept a plea from someone who says, "I'm doing it because of another reason, I really didn't do it." And I'm not upset with you or anything like that, I just refuse to let anyone do anything, plead guilty to anything, that they did not—they say they did not do. I want to make sure that you understand you have the right to a trial, a jury trial. Do you understand?

[Defendant:] Yeah, I understand that. We discussed that, me and my lawyer.

[The Court:] Okay.

[Defendant:] And like I say, I did not intentionally do what they say I've done.

[The Court:] Okay, that's fine. That's good.

[Defendant:] But like I say, I told [defense counsel] that I would be willing to plead guilty to this, have a plea deal, to keep this child from having to be drug [sic] through the court system.

[The Court:] That's fine. I'm not going to accept your plea on that basis because I really don't want you to plead guilty to anything that you stand there, uh, and you've said you

>didn't do. So I'm not going to accept your plea. We'll put it over on another calendar where another judge will be here. If you want to do that, you be sure and tell the judge what you told me if you still feel that way. I'm going to write it down here on this transcript of plea of why I didn't take your plea.
>
>See, the easy thing for me to do is just take pleas and put people in jail or do whatever I need to do, or think is best for their sentence, and that's easy. But I can't lay down and go to sleep at night knowing that I put somebody in jail or entered a sentence of probation or whatever to something they did not do, or they say they did not do. I don't know any of the facts of your case; I don't know anything except what I just read in the indictment. That's all I know. But when a man or woman says, I didn't do something, that's fine, I accept that.

As a result of this conversation, defendant's case was continued until a later court date. Upon his subsequent arraignment on 7 August 2017, defendant entered a plea of not guilty and did not raise any issue with the previous trial judge's rejection of defendant's attempted guilty plea on 7 February 2017.

Upon his plea of not guilty, defendant's trial began on 7 August 2017 with a different trial judge presiding. Defendant did not raise any argument, challenge, or issue regarding the first trial judge's rejection of defendant's attempt to plead guilty under the plea arrangement. During his trial, defendant maintained his factual innocence and testified that he had never knowingly touched his granddaughter in a sexual manner. After its deliberations, the jury returned guilty verdicts against defendant on the charges of first-degree sex offense and taking indecent liberties with a child. The trial court sentenced defendant to consecutive sentences of 192 to 291

months for the first-degree sex offense conviction and 16 to 29 months for the indecent liberties with a child conviction. Defendant appealed to the Court of Appeals.

At the Court of Appeals, defendant raised the argument for the first time that the original trial judge erred in rejecting defendant's attempted guilty plea on 7 February 2017. Defendant argued that a trial judge is required to accept a guilty plea pursuant to N.C.G.S. § 15A-1023(c) even when a defendant maintains his innocence. Defendant further asserted that, if the first trial judge had accepted defendant's guilty plea, defendant would not have been exposed to trial for, and conviction of, the charges of first-degree sex offense and taking indecent liberties with a child, and thus would not have been subject to the punishment that he consequently received.

The Court of Appeals panel agreed that defendant had attempted to enter a guilty plea before the first trial judge. The majority concluded that "[t]he trial court correctly rejected [d]efendant's tendered guilty plea because the trial court did not and could not find that it was the product of his informed choice." *State v. Chandler*, 265 N.C. App. 57, 62 (2019). The dissenting judge would have held that the first trial judge was obligated to accept defendant's guilty plea pursuant to N.C.G.S. § 15A-1023(c) which mandates that a trial judge "must accept the plea." *Id.* at 65–66 (Dillon, J., dissenting).

On 21 May 2019, defendant gave notice of appeal pursuant to N.C.G.S. § 7A-30(2) (2019) based upon the dissent in the Court of Appeals.

## II.     Analysis

We must first determine whether defendant's argument about the guilty plea has been properly preserved for appellate review.

"[I]t is well established that when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." *In re E.D.*, 372 N.C. 111, 116 (2019) (cleaned up); *see also State v. Hucks*, 323 N.C. 574, 579 (1988) ("When a trial court acts contrary to a statutory *mandate*, the error ordinarily is not waived by the defendant's failure to object at trial."). A statute contains a statutory mandate when it "is clearly mandatory, and its mandate is directed to the trial court." *In re E.D.*, 372 N.C. at 117 (quoting *Hucks*, 323 N.C. at 579). A statutory mandate is directed to the trial court when it, either "(1) requires a specific act by a trial judge; or (2) leaves no doubt that the legislature intended to place the responsibility on the judge presiding at the trial or at specific courtroom proceedings that the trial judge has authority to direct." *Id.* at 121 (cleaned up).

Here, N.C.G.S. § 15A-1023(c) is clearly a statutory mandate that "requires a specific act by a trial judge." Specifically, it states that "[t]he judge *must* accept the plea if he determines that the plea is the product of the informed choice of the defendant and that there is a factual basis for the plea." N.C.G.S. § 15A-1023(c) (emphasis added). Accordingly, any error that the trial court committed under the

statute which prejudiced defendant is an issue that is automatically preserved for appellate review.

Next, we must determine whether the trial court committed any error of law that prejudiced defendant. It appears from the transcript of the colloquy that the first trial judge rejected defendant's guilty plea because defendant refused to admit he was factually guilty.

Under our general statutes, a defendant is not required to admit factual guilt in order for a trial judge to accept a guilty plea. *See* N.C.G.S. § 15A-1022(a). In fact, we have explicitly held that nothing in N.C.G.S. § 15A-1022 requires the court to make an inquiry into whether a defendant is factually guilty. *State v. Bolinger*, 320 N.C. 596, 603 (1987).

Here, in rejecting defendant's guilty plea, the trial court stated:

> [The Court:] . . . I will not plead you guilty unless you are, in fact, guilty. I will not plead you guilty if you say "I'm doing it because of something else. I didn't do it." And that's exactly what you told me just then, "I didn't do it." So for that reason I'm not going to accept your plea.

Nothing in N.C.G.S. § 15A-1022 or our case law announces a statutory or constitutional requirement that a defendant admit factual guilt in order to enter a guilty plea. Accordingly, the trial court erred by rejecting defendant's guilty plea because he would not admit that he was factually guilty.

As explained by the dissenting judge below, N.C.G.S. § 15A-1023(c) requires a trial judge to accept a guilty plea where (1) the plea is based on defendant's own

informed choice, (2) a factual basis exists for the plea, and (3) sentencing is left to the discretion of the court. N.C.G.S. § 15A-1023(c). Here, the plea arrangement did not include a sentencing recommendation. Therefore, the trial court could only have rejected the plea if it found either (1) that the plea was not the product of defendant's informed choice or (2) there was not a factual basis for the plea.

There is no indication in the record that defendant did not make an informed choice. The Court of Appeals majority concluded that because defendant wanted to plead guilty, but maintained that he was in fact innocent, his guilty plea could not be based on his informed choice. But as the dissenting judge below explained, "[i]n North Carolina there is no constitutional or statutory barrier for a defendant to plead guilty while maintaining his innocence." *Chandler*, 265 N.C. App. at 65 (Dillon, J., dissenting).

From the colloquy, it is clear that defendant was making the informed decision to plead guilty. When asked if he understood he was pleading guilty to the charge described by the trial judge, he answered "Yes, sir." He then cogently explained that he had a reason for pleading guilty: "to keep [his] granddaughter from having to go through more trauma and go through court." When the trial judge followed up to ensure defendant knew he had a right to a jury trial, defendant responded, "Yeah, I understand that. We discussed that, me and my lawyer." Nothing in the colloquy, the Transcript of Plea form, or anything else in the record indicates that defendant was not informed in his choice to plead guilty.

It is also apparent from the record that there was a sufficient factual basis for defendant's plea. The factual basis prong of N.C.G.S. § 15A-1023(c) requires only "that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty." *State v. Sinclair*, 301 N.C. 193, 199 (1980); *see also Bolinger*, 320 N.C. at 603 (stating that nothing in N.C.G.S. § 15A-1022 requires the court to make an inquiry into whether defendant was in fact guilty). Thus, whether or not defendant admits to the crime is not part of the information the trial court should consider under the factual basis prong of N.C.G.S. § 15A-1023(c). Here, although the trial court rejected the plea before the prosecution offered a factual basis for the plea, when the evidence was eventually presented at trial, the jury found that defendant had committed both crimes beyond a reasonable doubt. Therefore, it is clear that there would have been a sufficient factual basis for defendant's plea at the time it was tendered to the trial court.

Because the plea was based on defendant's informed choice, a factual basis existed for the plea, and the sentencing was left to the discretion of the trial court, the trial court was required to accept defendant's guilty plea pursuant to N.C.G.S. § 15A-1023(c). Rejecting defendant's plea was error.

We further conclude that the trial court's error prejudiced defendant. Specifically, under the plea arrangement, defendant agreed to plead guilty to indecent liberties in exchange for the State dismissing the charge of first-degree sexual offense with a child. As a result, the maximum sentence that defendant could

have received on the indecent liberties charge, a Class F felony, was fifty-nine months imprisonment. However, after the trial court rejected defendant's plea arrangement, his case proceeded to trial where he was eventually convicted of both indecent liberties and first-degree sexual offense with a child. Pursuant to those convictions, defendant was ultimately sentenced to a minimum of 208 months and a maximum of 320 months in prison. This subjected defendant to more than three times the maximum amount of jail time he would have had to serve under the plea agreement. Thus, defendant was prejudiced by the trial court's error in rejecting his guilty plea.

Finally, we conclude that the proper remedy for the trial court's error is to remand this case, consistent with *State v. Lineberger*, 342 N.C. 599 (1996), with an instruction to the district attorney to renew—and the trial court to consider if defendant accepts—the plea offer that was rejected by the trial court. In *Lineberger*, we concluded that:

> A new trial . . . cannot wholly remedy the prejudice to defendant resulting from the trial court's refusal to consider the plea agreement. Since defendant's due process rights have been affected by these unique circumstances, we must fashion a remedy. Accordingly, we instruct the district attorney on remand to renew the plea offer accepted by defendant and presented to the trial court. If defendant accepts the offer, then we instruct the trial court to consider the offer and exercise its discretion whether to approve the plea agreement and enter judgment or, subject to the provisions of N.C.G.S. § 15A–1023(b), to proceed to trial.

342 N.C. at 607.

As in *Lineberger*, merely remanding for a new trial will not "wholly remedy the prejudice to defendant resulting from the trial court's refusal to consider the plea agreement," *id.*, because without an instruction to renew the rejected plea agreement, the district attorney could simply decide not to renew the plea agreement, leaving defendant with essentially no remedy for the prejudicial error committed by the trial court in this case. Accordingly, we remand this case with instructions to the district attorney to renew—and the trial court to consider if defendant accepts—the rejected plea offer.

### III.    Conclusion

In sum, we conclude that the trial court erred by rejecting defendant's guilty plea, that the error prejudiced defendant, and that this issue was automatically preserved for appellate review. Accordingly, we reverse the decision of the Court of Appeals and remand with an instruction to the district attorney to renew—and the trial court to consider if defendant accepts—the plea offer that was rejected by the trial court.

REVERSED AND REMANDED.

Justice MORGAN dissenting.

My distinguished colleagues in the majority conclude that the original trial judge did not have the discretion to reject defendant's attempted guilty plea and, because the judge erred by acting contrary to a statutory mandate by refusing to accept the guilty plea and thereby prejudicing defendant, the error which the majority has determined was committed has been deemed to be automatically preserved for appellate review. In my view, the issue of the first trial judge's rejection of defendant's attempted guilty plea was not automatically preserved and the lack of an objection by defendant at the trial level to the original trial judge's rejection of defendant's guilty plea negates defendant's opportunity for review of the matter by this Court. Since I am of the opinion that this Court does not have proper authority to entertain this appeal of defendant because the refusal of his guilty plea by the first trial judge was not properly preserved for appellate review, I respectfully dissent from the opinion of the majority.

Early in their analysis, the members of the majority take an unfortunate step in their application of N.C.G.S. § 15A-1023(c) (2019) to the present case, thus predictably embarking upon a wayward journey to their ultimate conclusion. The statutory provision states, in pertinent part: "The judge must accept the plea *if* he determines that the plea is the product of the informed choice of the defendant *and* that there is a factual basis for the plea." N.C.G.S. § 15A-1023(c) (emphasis added).

It is clear from the plain words of this segment of N.C.G.S. § 15A-1023(c) that (1) it is the trial judge who makes the determination that a defendant's guilty plea is the product of an informed choice and, in addition to this decision which is reserved for the trial judge, (2) it is the trial judge who makes the determination that there is a factual basis for the plea. In the event that the trial judge is satisfied that *both* of these components of N.C.G.S. § 15A-1023(c) exist, only then does the mandate of the statute operate to require that the trial judge accept the guilty plea. I agree that, in the instant case, the first trial judge was required to accept defendant's guilty plea if it was the product of an informed choice and if there existed a factual basis for the plea, irrespective of any direct admission of guilt. *See State v. Melton*, 307 N.C. 370, 377, 298 S.E.2d 673, 678 (1983) (holding that "once the trial judge determined that the defendant's guilty plea had been made voluntarily and that there was a factual basis for the plea, he was required by statute to accept the plea").

During the plea arrangement colloquy at trial between the first trial judge and defendant, the following exchange occurred:

> [The Court:] Do you understand that you are pleading guilty to the following charge: 15 CRS 50222, one count of indecent liberties with a minor child, the date of offense is April 19 to April 20, 2015, that is a Class F felony, maximum punishment 59 months?
>
> [Defendant:] Yes, sir.
>
> [The Court:] Do you now personally plead guilty to the charges I just described?

[Defendant:] Yes, sir.

[The Court:] Are you, in fact, guilty?

[Defendant:] Yes, sir.

[The Court:] *Now, I want to make sure you understand— you hesitated a little bit there and looked up at the ceiling. I want to make sure that you understand that you're pleading guilty to the charge.* If you need additional time to talk to [defense counsel] and discuss it further or if there's any question about it in your mind, please let me know now, because *I want to make sure that you understand* exactly what you're doing.

[Defendant:] Well, *the reason I'm pleading guilty is to keep my granddaughter from having to go through more trauma and go through court.*

[The Court:] Okay.

[Defendant:] *I did not do that, but I will plead guilty to the charge to keep her from being more traumatized.*

[The Court:] Okay, I understand, [Defendant]. Let me explain something to you. I practiced law 28 years before I became a judge 17 years ago, and I did many trials and many pleas of guilty and represented a lot of folks over the years. And I always told my clients, *I will not plead you guilty unless you are, in fact, guilty.* I will not plead you guilty if you say "I'm doing it because of something else. I didn't do it." And that's exactly what you told me just then, "I didn't do it." So for that reason I'm not going to accept your plea. Another judge may accept it, but I will never, ever, accept a plea from someone who says, "I'm doing it because of another reason, I really didn't do it." And I'm not upset with you or anything like that, I just refuse to let anyone do anything, plead guilty to anything, that they did not—they say they did not do. *I want to make sure that you understand you have the right to a trial, a jury trial. Do you understand?*

[Defendant:] Yeah, I understand that. We discussed that, me and my lawyer.

[The Court:] Okay.

[Defendant:] *And like I say, I did not intentionally do what they say I've done.*

[The Court:] Okay, that's fine. That's good.

[Defendant:] *But like I say, I told [defense counsel] that I would be willing to plead guilty to this, have a plea deal, to keep this child from having to be drug [sic] through the court system.*

(Emphasis added.)

I construe the original trial judge's repeated statement to defendant throughout the colloquy, "I want to make sure that you understand," to be the original trial judge's effort to comply with the duty imposed upon the judge by N.C.G.S. § 15A-1023(c) to determine if defendant, through understanding the explored aspects of the plea, is making an informed choice. I interpret defendant's consistent statements to the first trial judge during the colloquy such as "I did not do that, but I will plead guilty to the charge" and "like I say, I did not intentionally do what they say I've done," along with other similar representations of defendant's position, as amounting to a circumstance justifiably comprehended by the first trial judge that there was not a factual basis for the plea. These words which are contained in the record of this case, coupled with the first trial judge's chronicled observation that defendant "hesitated a little bit . . . and looked up at the ceiling" during this portion of the plea

arrangement colloquy, convince me that the first trial judge gleaned sufficient information during this exchange with defendant to provide the judge with a legitimate basis to determine that *neither* of the two required aspects of N.C.G.S. § 15A-1023(c) existed to compel the judge to accept defendant's guilty plea.

However, the majority here sees fit to substitute its judgment for the determination exclusively exercised by the original trial judge pursuant to N.C.G.S. § 15A-1023(c) by ignoring the statute's singular recognition of a trial judge as the determiner of a statutory provision's elements, diminishing the sanctity of a trial judge's ability to assemble all of the circumstances of the courtroom proceedings in ascertaining and considering the appropriateness of accepting the proffered guilty plea, and dismissing a trial judge's wherewithal under N.C.G.S. § 15A-1023(c) to exercise the judge's ability to identify the existence of a defendant's informed choice and a guilty plea's factual basis. Instead, the majority opts to look at the cold record before this Court, clinically read the words in a vacuum that were interspersed by defendant throughout the colloquy, combine the operative terms and phrases from these various statements of defendant to invoke the majority's view of a trial judge's requirement under N.C.G.S. § 15A-1023(c) that the guilty plea *must* be accepted, and then ultimately decide that the trial judge's failure to comply with the majority's identified applicable mandate here under N.C.G.S. § 15A-1023(c) automatically preserved defendant's issue for appellate review by this Court after defendant failed to raise the issue in any fashion in any previous legal forum. I agree with the majority

that when a trial court acts contrary to a statutory mandate the right to appeal the trial court's action is preserved, notwithstanding the failure of the appealing party to object at trial. *State v. Golphin*, 352 N.C. 364, 411, 533 S.E.2d 168, 202 (2000). This circumstance, however, does not exist here. As a result, my recognition of the established principles of statutory construction, deference to recognized determinations by trial judges, and the application of the North Carolina Rules of Appellate Procedure dictate my dissenting view.

Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure reads as follows:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion. Any such issue that was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, including, but not limited to, whether the judgment is supported by the verdict or by the findings of fact and conclusions of law, whether the court had jurisdiction over the subject matter, and whether a criminal charge is sufficient in law, may be made the basis of an issue presented on appeal.

N.C. R. App. P. 10(a)(1).

In the present case, upon the original trial judge's rejection of defendant's attempted guilty plea, defendant did not object to the trial judge's refusal to accept

defendant's plea and the corresponding plea arrangement. Similarly, defendant did not present to the trial court any request or motion which stated the specific grounds for a ruling which defendant desired the trial court to make in order to effect acceptance of defendant's guilty plea. Without such an objection, request, or motion made by defendant at the trial level regarding the trial judge's rejection of defendant's guilty plea, Rule 10(a)(1)'s necessitation for defendant's attainment of a ruling from the trial court on the determination to reject defendant's attempted guilty plea obviously was not satisfied. The cited rule expressly specifies that an issue is properly preserved for review and may be made the basis of an issue presented on appeal when there is action taken during the course of the proceedings in the trial tribunal by a noted objection, or which by rule or law was deemed preserved or taken without any such action.

Due to the lack of any action taken by defendant to comply with the requirements of Rule 10(a)(1) regarding the preservation of an issue for appellate review upon the first trial judge's rejection of defendant's attempted guilty plea, defendant has not preserved this issue for appellate review. The rule is clear that defendant *must* have presented to the first trial judge a timely request, objection, or motion during the course of the proceedings in Superior Court, Madison County, which stated the grounds for defendant's position that the trial judge was required to accept defendant's plea and that it was also necessary for defendant to obtain a ruling upon the request, objection, or motion in order to present the issue on appeal.

Defendant failed to satisfy the mandates of Rule 10(a)(1) which govern preservation of issues for appellate review. The liberties which the majority has taken with its construction of N.C.G.S. § 15A-1023(c) and its concomitant diminution of principles otherwise routinely recognized by this Court do not obviate, in my view, the requirement for defendant's compliance with Rule 10(a)(1) in order to properly obtain appellate review of the matter which he has raised.

For these reasons, I would modify and affirm the decision of the Court of Appeals. Accordingly, I respectfully dissent.

Justice NEWBY joins in this dissenting opinion.